Poole *v.* Great American Insurance Company, Appellant.

Argued May 23, 1962. Before Bell, C. J., Mus-
manno, Jones, Cohen, Eagen and O'Brien, JJ.

*Robert W. Smith, Jr.,* with him *Smith, Best and
Horn,* for appellant.

*Myron W. Lamproplos,* with him *Cassidy & Lam-
proplos,* for appellee.

Opinion by Mr. Chief Justice Bell, June 28, 1962:
Plaintiff brought an action in assumpsit against
Joseph S. Frankel and Fannie Frankel, his wife, to re-

cover a sum allegedly due for the installation of an exercise track on a farm owned by defendants. The complaint alleged that plaintiff did the work at the request of Frankel, who had express, implied or apparent authority to contract for the work on behalf of his wife. Thereafter, because both defendants failed to file an answer to the complaint, a default judgment was entered against them and an attachment execution was issued and served on the Mellon National Bank & Trust Company and the Commercial National Bank of Latrobe, as garnishees. Defendants had two joint bank accounts, with right of survivorship, in the Mellon Bank and these were caught by the attachment.

On defendants' petition to open the judgment, the default judgment was opened by the Court below. That Court also released the attachment execution and simultaneously ordered the posting of a corporate surety bond in the amount of $6,000. The bond was posted by the present appellant, Great American Insurance Company.

At the trial of the assumpsit action against the Frankels, the jury returned a verdict in favor of plaintiff and against Joseph S. Frankel in the sum of $4,-300, and a verdict in favor of defendant Fannie Frankel. Following the entry of judgment on the verdict, the present action was brought by plaintiff against appellant-insurance company to recover the judgment, interest and costs. Plaintiff filed a motion for judgment on the pleadings, which was granted by the Court below. From that judgment Great American Insurance Company has taken this appeal.

Before considering the issues raised by this appeal it is well to consider the following pertinent legal principles governing cases of this class. In *Ross v. Metropolitan Life Insurance Co.*, 403 Pa. 135, 169 A. 2d 74, the Court said (page 136) : "A motion for judgment on the pleadings, like preliminary objections, is the equiva-

lent of the old statutory demurrer and admits all facts which are well pleaded. Necho Coal Co. v. Denise Coal Co., 387 Pa. 567, 128 A. 2d 771; Gardner v. Allegheny County, 382 Pa. 88, 114 A. 2d 491. Such a motion should be granted and judgment should be entered only in a case which is clear and free from doubt, or as it is sometimes expressed, only when it is clear that no meritorious legal defense is raised. Cases, supra."

The sole question raised by this appeal is whether appellant under the terms of its surety bond is required to pay a verdict recovered *against only one* of the two defendants.

The pertinent language of the bond on which suit is brought is as follows: "Now, the condition of this obligation is such that if the defendants, Joseph S. Frankel and Fannie Frankel, his wife, successfully defend the above proceedings after the opening of judgment; *or in case a final judgment be obtained against them** by the plaintiff in the said proceedings, if they then satisfy the judgment thus obtained with interest and costs, or if said surety does so for them, then this obligation to be void; otherwise this obligation to remain in full force, virtue and effect."

Appellant contends (1) that under the clear language of the surety bond it is liable only if a judgment were recovered against *both* Joseph and Fannie Frankel—which as we have seen did not occur—and (2) that since the funds which were attached in the Mellon Bank consisted of two accounts held by the Frankels as tenants by the entireties, the intent of the parties and the purpose of the surety bond was to maintain the status quo which existed prior to the opening of the default judgment, with the result that plaintiff now has no greater rights against the surety than he had with respect to the bank accounts.

---

* Italics throughout, ours.

We believe that the language of the bond is clear. The surety's obligation became void only if the Frankels successfully defended the assumpsit suit after the opening of the judgment or (more pertinently) only in case a final judgment was obtained by plaintiff against them, i.e., both defendants (and was satisfied). Moreover, if there were any reasonable doubt as to the interpretation of the bond, it is well settled law that in cases where a written contract or any part of it is susceptible of two reasonable interpretations, it should be construed most strongly against the party—in this case the appellant—who drafted it: *Jenkins Towel Service, Inc. v. Fidelity-Philadelphia Trust Co.,* 400 Pa. 98, 103, 161 A. 2d 334; *Betterman v. American Stores Co.,* 367 Pa. 193, 203, 80 A. 2d 66. It is equally well settled that "corporate surety bonds are to be construed strictly in favor of the obligee and such donee beneficiary as comes within its terms:" *Pa. Turnpike Commission v. Andrews & Andrews,* 354 Pa. 138, 140, 47 A. 2d 220. Also *Purdy v. Massey,* 306 Pa. 288, 293-294, 159 A. 545. For each of the foregoing reasons we find no merit in appellant's construction of the bond.

Appellant's second and final contention is that the surety bond was merely a substitute for the bank accounts which were owned by the Frankels as tenants by the entireties. This is likewise devoid of merit. That may have been the intention of the parties— which plaintiff denies—but there is absolutely nothing in the record to prove or justify it—indeed the record indicates to the contrary.

Judgment affirmed.