Karns et al., Appellants, *v.* Tony Vitale Fireworks Corporation.

Argued September 30, 1969. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*I. Samuel Kaminsky*, with him *Harold Kaminsky, E. W. VanHorn, Jr.*, and *Kaminsky and Kelly*, and *VanHorn & Snyder*, for appellants.

*Louis Anstandig*, with him *Richard C. Schomaker*, and *Egler, McGregor & Reinstadtler*, for appellee.

OPINION BY MR. JUSTICE ROBERTS, November 28, 1969:

This is an appeal from a judgment of the Court of Common Pleas of Bedford County sustaining defendant-appellee's motion for a judgment on the pleadings as against plaintiff-appellant Roy E. Karns.

The pleadings disclose that appellant's children found an unexploded aerial bomb at the Bedford County Fair Grounds where, several weeks earlier, appellee had staged a fireworks display. Appellant's children brought him the device. Subsequent events are narrated in appellant's complaint as follows:

"After the children of the plaintiff gave the plaintiff the aerial bomb in question, the plaintiff, not knowing that the same was an unexploded firecracker and wishing to determine whether his children could safely play with the object in question, removed the top from the same and poured a part of the contents on the ground and attempted to ignite the contents. After the contents failed to ignite, the plaintiff, holding the remainder of the contents of the bomb, in his hand, turned from the scene when suddenly the firecracker held in the plaintiff's hand, violently exploded . . . ."

The trial court ruled that appellant was guilty of contributory negligence as a matter of law. Unfortunately, the basis for this conclusion is never clearly articulated in the trial court's opinion. In the crucial paragraph of its discussion the trial court first summarized *appellee's* contentions as to what the pleadings demonstrated as follows:

". . . Roy E. Karns, knowing that the object he had received from his child or children was an unexploded aerial bomb, and knowing or suspecting it was dangerous, nevertheless held it in his hand while he examined its contents and deliberately ignited it, thereby causing the injuries complained of to himself and his son." Immediately following this summary the trial court made several conclusory statements to the effect that appellant was contributorily negligent as a matter of law. It is not clear whether the trial court reached its conclusion as to appellant's contributory negligence on the basis of the facts as set forth in appellant's complaint or on the basis of the facts as outlined in its

summary of appellee's "contentions." Whatever the case, we must reverse.

If, as seems likely, the trial court viewed the facts as set forth in its summary of appellee's contentions it clearly violated its obligation to consider the pleadings and the inferences therefrom in the light most favorable to the appellant. "Under Pa. R. C. P. 1034, a motion for judgment on the pleadings may be granted in cases which are so free from doubt that a trial would clearly be a fruitless exercise. Such a motion is in the nature of a demurrer; all of the opposing party's well-pleaded allegations are viewed as true but only those facts specifically admitted by him may be considered against him." *Bata v. Central-Penn National Bank of Philadelphia*, 423 Pa. 373, 224 A. 2d 174 (1966). See also *Bureau for Child Care v. United Fund of Philadelphia*, 416 Pa. 617, 207 A. 2d 847 (1965); *Poole v. Great American Ins. Co.*, 407 Pa. 652, 182 A. 2d 509 (1962). Read in the proper manner, the pleadings hardly establish that appellant was so clearly guilty of contributory negligence that appellee is entitled to a judgment on the pleadings. For example, it is not at all clear from the pleadings that appellant's attempt to fire that portion of the firecracker's contents which he poured out as a sample caused the remainder of the device to explode. Appellant's task might well seem difficult, but on the basis of these pleadings it is hardly impossible, and he deserves the chance to present his case.

Judgment vacated and case remanded for further consistent proceedings.

———

DISSENTING OPINION BY MR. JUSTICE JONES:

The court below entered a judgment on the pleadings against Roy Karns in his individual capacity. The rationale of its ruling was that, on the face of the

pleadings, Roy Karns was guilty of contributory negligence. With that conclusion I agree.

Bearing in mind that only in clear cases should judgment on the pleadings be entered, nevertheless, it appears to me that the entry of the instant judgment as to Roy Karns, the adult plaintiff, was proper.

No citation of authority is necessary to establish that facts well pleaded in a complaint must be accepted as true in passing on the propriety of the entry of judgment on the pleadings. Accepting that criterion, Roy Karns has set forth in his complaint that: "After the children of the plaintiff gave the plaintiff the aerial bomb in question, the plaintiff, not knowing that the same was an unexploded firecracker and wishing to determine whether his children could safely play with the object in question, removed the top from the same and poured a part of the contents on the ground and attempted to ignite the contents. After the contents failed to ignite, the plaintiff, holding the remainder of the contents of the bomb, in his hand, turned from the scene when suddenly the firecracker held in the plaintiff's hand, violently exploded . . . ."

Such pleaded facts clearly indicate to me that Roy Karns "tested the danger" of the aerial bomb and that his actions, as pleaded, contributed to the happening of the accident and that he assumed without question the risk. I would, therefore, affirm the judgment entered by the court below against Roy Karns in his individual capacity.

Mr. Chief Justice BELL joins in this dissent.