## Stahl v. Township of Forks

*John Hambrook*, for plaintiffs.
*Stanley E. Stettz*, for defendant.

GRIFO, J., April 24, 1974.—This matter comes before us on plaintiffs' motion for judgment on the pleadings. The facts are not in dispute. Plaintiffs, residents of Forks Township, seek a credit, or a refund, against taxes paid to Forks Township during the last six months of 1971, in the amount of taxes paid to the State of New Jersey. This claim is based on the Local Tax Enabling Act of December 31, 1965, P. L. 1257, as amended July 7, 1967, P. L. 171, 53 PS §6901, et seq., which provides, in section 14, inter alia:

"Payment of any tax on income to any State other than Pennsylvania or to any political subdivision located outside the boundaries of this Commonwealth, by residents of a political subdivision located in Pennsylvania shall, to the extent that such income includes salaries, wages, commissions, or other compensation or net profits of businesses, professions or other activities but in such proportions as hereinafter set forth, be credited to and allowed as a deduction from the liability of such person for any other tax on salaries, wages, commissions, other compensation or net profits of businesses, professions or other activities imposed by any political subdivision of this Commonwealth under the authority of this act."

Defendant concedes that this statutory provision requires that residents of Forks Township receive a credit or deduction, in the amount of a tax on income paid to New Jersey, against the Forks Township earned income tax. However, defendant contends that the New Jersey tax, while measured by income, is really a tax on transportation to compensate New Jersey for the expense of maintaining an interstate transportation system. Furthermore, defendant points out that plaintiffs admit that they have applied some or all of the amount of the New Jersey tax as a credit against the Pennsylvania Income Tax of August 31, 1971, P. L. 362 (No. 93), 72 PS §7301, et seq. Defendant claims that allowing a credit for one tax to be applied against two other taxes violates the Uniformity Clause, article 8, sec. 1, of the Pennsylvania Constitution.

Preliminarily, we note that, "'Under Pa. R. C. P. 1034, a motion for judgment on the pleadings may be granted in cases which are so free from doubt that a trial would clearly be a fruitless exercise. Such a motion is in the nature of a demurrer; all of the opposing party's well-pleaded allegations are viewed as true but only those facts specifically admitted by him may be considered against him'": Karns, et al. v. Tony Vitale Fireworks Corp., 436 Pa. 181, 259 A. 2d 687 (1969), quoting Bata v. Central-Penn National Bank of Philadelphia, 423 Pa. 373, 224 A. 2d 174 (1966).

The first question is whether the New Jersey Transportation Benefits Tax is a tax on income within the meaning of section 14 of the Local Tax Enabling Act. The practical operation of the tax controls, rather than differences in terminology, in defining the borders of intertwined tax statutes: Murray v. Philadelphia, 364 Pa. 157, 71 A. 2d 280 (1950). Here, the New Jersey tax has generally operated to balance the tax

paid by New Jersey residents under the Pennsylvania income tax with the amount paid by Pennsylvania residents under the New Jersey tax. The history of the New Jersey tax indicates this balancing effect: it originated shortly after enactment of the Pennsylvania income tax, and was set at the same rate of 3.5 percent. After that income tax was declared unconstitutional in Amidon v. Kane, 444 Pa. 38, 279 A. 2d 53 (1971), a new Pennsylvania tax was enacted at a rate of 2.3 percent, and shortly thereafter New Jersey lowered the rate of the transportation tax to 2.3 percent.[1] There is no evidence that the change in the rate of the New Jersey tax was due to a change in the cost of maintaining a transportation system. New Jersey residents, who are bound to pay the Transportation Benefits Tax on income earned in Pennsylvania, can credit against that tax the sum paid as Pennsylvania income taxes: New Jersey Transportation Benefits Tax Act, L. 1971, c. 222, §37; N.J.S.A. 54-8A-94. The inference is clear that the New Jersey transportation tax functions as a nonresident income tax, offsetting Pennsylvania's nonresident income tax.

In addition, the general purpose of section 14 of the Local Tax Enabling Act is to subject every taxpayer to an income tax levied by one, and only one, political entity. Section 14 has six paragraphs. The first paragraph grants a credit for existing income taxes by a subdivision against taxes imposed by another subdivision under the Local Tax Enabling Act (the act). The second and third paragraphs provide that a subdivision income tax on its residents under the act shall be credited against an income tax imposed by any other subdivision. The fourth paragraph provides

---

[1] The Pennsylvania tax was made retroactive to June 1, 1971, but the New Jersey tax was not.

that payment of an income tax to a State or its political subdivision by residents thereof *may* be credited against a Pennsylvania subdivision income tax under the act if residents of the Pennsylvania subdivision enjoy a reciprocal credit. The fifth paragraph provides that an income tax paid to another State, or to its political subdivision, by Pennsylvania residents shall be credited against the Pennsylvania subdivision income tax. Finally, the sixth paragraph provides for apportionment of credit to match the taxes levied. Except for the fourth paragraph, which makes a credit for taxes paid to another State by its residents discretionary, the provisions of section 14 limit a taxpayer's liability to one subdivision income tax. So here, section 14's purpose will be fulfilled if a taxpayer pays the transportation tax to New Jersey and receives a credit against his Forks Township tax; that taxpayer will be paying one, and only one, "subdivision" income tax.

Therefore, we hold that the New Jersey Transportation Benefits Tax is a tax on income within the meaning of section 14 of the Local Tax Enabling Act.

The second question is whether applying the New Jersey tax against both Pennsylvania and Forks Township taxes results in a lack of uniformity. The contention is that Forks Township residents who work in Pennsylvania are worse off than those working in New Jersey, since the latter can credit the New Jersey tax against their Forks Township tax. No specific amounts of income, or credits, have been pleaded, so we make no specific calculations. But as a general matter, defendant's contention is incorrect. The Forks Township resident who worked in Pennsylvania paid 1 percent of his income to Forks Township and 2.3 percent to Pennsylvania, a total of 3.3 percent. The Forks Township resident who worked only in New Jersey paid, during the period in question, 3.5 per-

cent to New Jersey, and credited 2.3 percent against Pennsylvania and 1 percent against Forks Township, a total tax of 3.5 percent. Thus, the general situation was that Forks Township residents who worked in New Jersey paid more tax than those working in Pennsylvania, the opposite of defendant's contention.

It is unclear from the pleadings whether plaintiffs are seeking to deduct the *same* New Jersey tax dollar against two Pennsylvania taxes.[2] This would lead to a lack of uniformity, since a taxpayer who worked in both States could offset his Pennsylvania taxes and end up paying less than a taxpayer who worked only in Pennsylvania: see Table I, in Appendix, which demonstrates that allowing a multiple deduction could lead to tax rates varying between 2.3 percent and 3.5 percent of gross income. But if each New Jersey tax dollar can be used as only one credit against a Pennsylvania tax, then the tax rate can only vary between 3.3 percent and 3.5 percent of gross income: see Table II in the Appendix.

The requirement of uniformity is met if there is sub-

---

[2] Section 14 of the act was amended on October 26, 1972, adding the following language:

"No credit or deduction shall be allowed against any tax on earned income imposed under authority of this act to the extent of the amount of credit or deduction taken for the same period by the taxpayer against any income tax imposed by the Commonwealth of Pennsylvania under section 314 of the Act of March 4, 1971 (P. L. 6) known as the Tax Reform Code of 1971, on account of taxes imposed on income by other states or by their political subdivisions." (As amended October 26, 1972, P. L. — (No. 261), sec. 1, imd. effective).

This paragraph was not in effect during the time period involved in the present suit. However, the amendment raises the inference that before October 26, 1972, a taxpayer could credit taxes paid to New Jersey against both the Forks Township income tax imposed under the act, and the Pennsylvania income tax.

stantial equality of tax burden; there is no requirement of perfect uniformity: Amidon v. Kane, supra. In Amidon, the Supreme Court of Pennsylvania held that a personal income tax was nonuniform because the rate of the tax could, in typical cases, range between 1.77 percent and 3.01 percent of gross income. This range of 1.24 percent in tax rate on the identical privilege of receiving income is the sort of unreasonable discrimination prohibited by the uniformity clause. In the instant case, the range of tax rates is only .2 percent. Furthermore, the rates above 3.3 percent will result only where substantially more of the taxpayer's income is earned in New Jersey. Table II shows this effect. Where a taxpayer earns $19,000 in New Jersey and $1,000 in Pennsylvania, his effective tax rate is 3.325 percent of his total income. If a taxpayer earns his entire income in New Jersey, then his effective tax rate is 3.5 percent of his total income. This slight graduation in rate seems to us to be justified by the additional burdens imposed on the government by a taxpayer doing business across State lines.

Therefore, we hold that the variation in tax rate which results from allowing the New Jersey Transportation Benefits Tax to be applied as a credit against the Pennsylvania personal income tax and the Forks Township personal income tax, but allowing each dollar to be applied only once as a credit, does not violate the uniformity clause of the Pennsylvania Constitution because the difference in rates is slight and the higher rates apply to broader privileges.

Accordingly, the court enters the following

ORDER OF COURT

And now, to wit, April 24, 1974, judgment on the pleadings is entered for plaintiffs. Defendant, Forks

Township, is directed to grant to plaintiffs a credit or deduction against the Forks Township income tax for 1971, to the extent that credit has not been received by plaintiffs against the Pennsylvania personal income tax, for sums paid by plaintiff to the State of New Jersey Transportation Benefits Tax Act.

## APPENDIX

TABLE I.  Effect of allowing multiple deductions for New Jersey tax dollars to Forks Township resident.

| | | Pa. tax | | Forks tax | | | | Net tax |
|---|---|---|---|---|---|---|---|---|
| Pa. Income | N.J. Income | Before credit | After credit | Before credit | After credit | N.J. tax | $ | % income |
| $2000. | $ 8000. | $230. | $ 0. | $100. | $ 0. | $280. | $280. | 2.8 |
| 4000. | 4000. | 184. | 44. | 80. | 0. | 140. | 184. | 2.3 |
| 6000. | 4000. | 230. | 90. | 100. | 0. | 140. | 230. | 2.3 |
| 8000. | 2000. | 230. | 160. | 100. | 30. | 70. | 260. | 2.6 |
| 0. | 10000. | 230. | 0. | 100. | 0. | 350. | 350. | 3.5 |

TABLE II.  Effect of allowing single deduction for New Jersey tax dollars to Forks Township resident.

| | | Pa. tax | | Forks tax | | | | Net tax |
|---|---|---|---|---|---|---|---|---|
| Pa. Income | N.J. Income | Before credit | After credit | Before credit | After credit | N.J. tax | $ | % income |
| $2000. | $ 8000. | $ 230. | $ 0. | $ 100. | $ 50. | $ 280. | $ 330. | 3.3 |
| 4000. | 4000. | 184. | 44. | 80. | 80. | 140. | 264. | 3.3 |
| 6000. | 4000. | 230. | 90. | 100. | 100. | 140. | 330. | 3.3 |
| 8000. | 2000. | 230. | 160. | 100. | 100. | 70. | 330. | 3.3 |
| 1000. | 19000. | 460. | 0. | 200. | 0. | 665. | 665. | 3.325 |
| 1000. | 99000. | 2300. | 0. | 1000. | 0. | 3465. | 3465. | 3.465 |
| 0. | 10000. | 230. | 0. | 100. | 0. | 350. | 350. | 3.5 |