## Jones v. Buchakijian

*David Rammler* and *Stanley Shapiro,* for plaintiff.

*Saul Levit,* for defendants.

*Edward B. Joseph,* for additional defendants.

GUARINO, *J.,* July 25, 1977 — On February 23, 1976, plaintiff filed this action in trespass to recover for personal injuries suffered in an accident which occurred March 23, 1975. Having failed to agree on the conditions upon which plaintiff would submit to a physical examination, defendants, Leon Buchakijian and Joanne Buchakijian, have filed the present motion for an order "directing Carolyn S. Jones to submit to physical examination by William H. Simon, M.D., the physical condition of said plaintiff being in controversy in this action." No petition and no facts are verified in support of the motion.

Pa. R.C.P. 4010(a) permits discovery by physical examination of a party. That rule reads: "The court, on the motion of a party, *may* order a party to submit to a physical . . . examination by a physician when his physical . . . condition is in controversy in the action." (Emphasis supplied.) The use of the precatory term "may" is a clear indication that an order for physical examination is not one of right, but within the sound discretion

of the Court. See also Stevenson v. Kaczmarczyk, 59 Schuyl. 173 (1961). On a contested motion where no facts are verified by the moving party, the Court is inclined to exercise its discretion in favor of the non-moving party. Where the moving party has failed in this burden of proof in appealing to the Court's discretion, the equities favor the non-moving party:[1] McFadden v. American Oil Co., 215 Pa. Superior Ct. 44, 257 A. 2d 283 (1969); Karns et al. v. Tony Vitale Fireworks Corp., 436 Pa. 181, 259 A. 2d 687 (1969).

Apparently, plaintiff is not against submitting to a physical examination. Her only objection is that the motion for physical examination is so broad that it permits no limitations. In this respect, I am inclined to agree with 4 Goodrich-Amram, §4010-11, p. 199, that the court should not exercise its discretion to order a party to submit to a physical examination at the instance of an adverse party unless the motion verifies the following: (1) name of moving party, (2) type of examination

---

1. Rule 209.

"If, after the filing and service of the answer, the moving party does not within fifteen days:

"(a) Proceed by rule or by agreement of counsel to take depositions on disputed issues of fact; or

"(b) Order the cause for argument on petition and answer (in which event all averments of fact responsive to the petition and properly pleaded in the answer shall be deemed admitted for the purpose of the rule); the respondent may take a rule as of course on the moving party to show cause why he should not proceed as above. If after hearing the rule shall be made absolute by the court, and the petitioner shall not proceed, as above provided, within fifteen days thereafter, the respondent may order the cause for argument on petition and answer, in which event all averments of fact responsive to the petition and properly pleaded in the answer shall be deemed admitted for the purpose of the rule."

requested, (3) name of party to be examined, (4) place of examination, (5) date of examination, (6) time of examination, (7) name of physician who will conduct examination, (8) scope of the examination, and (9) names of persons to be present at the examination. See also Dorward v. Bowman (No. 1), 34 Northamp. 101 (1956).

Accordingly, it is ordered and decreed that the moving party will file an amended motion in conformity with the requirements of this opinion within 20 days from date hereof. This motion so filed shall serve as this court's order unless within ten days of its filing, plaintiff specifically objects. In the latter case, this court will make a final decision on the objection by return mail.