## Smith v. Neshaminy Holding Co.

*Joseph H. Wagner,* for plaintiffs.
*William B. Koch,* for defendant, Borough of Perkasie.

RUFE, *J.,* November 7, 1984—Plaintiffs initiated this action to recover damages resulting from a diversion of surface and subsurface water caused by construction of the "Pennridge Crossing" housing development. As to defendant Borough of Perkasie (hereinafter borough), it is asserted that the borough acted negligently, or with willful misconduct, in approving the subdivision and grading plans for the development and, also, that it acted with the

knowledge that approval of the plans and resultant water diversion would force plaintiffs to tie-in with the borough's sewage system. Defendant borough has moved for judgment on the pleadings on the basis of governmental immunity, 42 Pa.C.S. §8541. This issue was properly raised by defendant's answer and new matter to plaintiffs' complaint.

A motion for judgment on the pleadings will only be granted in clear cases "so free from doubt that a trial would clearly be a fruitless exercise." Karns v. Vitale Fireworks Corp., 436 Pa. 181, 184, 259 A.2d 687, 688 (1969). This motion is in the nature of a demurrer and "[t]he court must accept as true, even though denied, averments of fact by the opposing party which are material and relevant." Elizabethtown Borough v. Savastio Construction, Inc., 44 D.&C.2d 596 (1968).

On the pleadings herein, plaintiffs assert that the averments of the borough's negligent/willful misconduct preclude the borough from claiming governmental immunity by virtue of 42 Pa.C.S. §8550. The borough maintains that since plaintiffs cannot place the tortious acts complained of within one of the eight categories to which immunity is not applicable, it is precluded from bringing such claim against the borough. We agree with the borough that governmental immunity precludes this action.

In enacting the Political Subdivision Tort Claims Act, 42 Pa.C.S. §8541 et seq., the legislature clearly provided that immunity should apply unless certain conditions were satisfied. Section 8542(a) lists two conditions, the second of which is determinative of governmental liability in this instance. In pertinent part, the legislature requires that:

"(2) The injury was caused by the negligent acts of the local agency or an employee thereof acting within the scope of his office or duties with respect

to one of the categories listed in subsection (b). As used in this paragraph, "negligent acts" shall not include acts or conduct which constitutes a crime, actual fraud, actual malice or willful misconduct." 42 Pa.C.S. §8542(a)(2).

Such provision was determinative in finding governmental immunity of the Borough of Yeadon in Overstreet v. Borough of Yeadon, 327 Pa. Super. 291, 475 A.2d 803 (1984) (suit for malicious prosecution).

Concerning plaintiffs' assertion that 42 Pa.C.S. §8550 provides a general exception to governmental immunity, we do not agree. Section 8550 provides that:

"In any action against a local agency or employee thereof for damage on account of any injury caused by the act of the employee in which it is judicially determined that the act of the employee caused the injury and that such act constituted a crime, actual fraud, actual malice or willful misconduct, the provisions of §8545 (relating to official liability generally), 8546 (relating to defense of official immunity), 8548 (relating to indemnity) and 8549 (relating to limitation on damages) shall not apply."

There is no provision in this section exempting the aggrieved party from showing that the political subdivision falls within one of the eight enumerated categories of 42 Pa.C.S. §8542(b). In Munley v. Spring Brook Township, 28 D.&C.3d 254 (1982), the Lackawanna County Court of Common Pleas rejected the suggestion that §8550 provides a general exception to governmental immunity. It determined that this section simply removed various protections for the employee when the act creating the injury exhibited willful misconduct. Further, it stated that "under any circumstances, the general rule of §8541 alway applies," and no liability will be

found unless the act falls within an exception of §8542(b). Munley, at 263. The Overstreet case, supra, while finding immunity for the borough, refused to extend immunity to the borough council members under §8550.

Finally, plaintiffs ask this court to consider the recent opinion of Press v. Bensalem Township et al., no. 77-05509-15-2, Bucks County Court of Common Pleas, September 13, 1984. We find Press, supra, inapplicable in that the facts addressed therein arose before the adoption of 42 Pa.C.S. §8541 et seq., "Political Subdivision Tort Claims Act," and that the conduct in question was that of the township zoning officer, not that of the political subdivision. Further, the immunity issue was not specifically raised.

Since the conduct complained of by plaintiffs does not fall within one of the eight exceptions to governmental immunity as set forth by §8542(b), we enter the following

## ORDER

And now, this November 7, 1984, upon consideration of defendant Borough of Perkasie's motion for judgment on the pleadings, it is hereby ordered and decreed that said motion is granted and the complaint dismissed as to the Borough of Perkasie.