## SN, Inc., Appellant, *v.* Long.

Argued April 11, 1966. Before ERVIN, P. J., WRIGHT, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ. (WATKINS, J., absent).

*John A. Metz, Jr.,* with him *Guy L. Warman, Allen S. Gordon,* and *Metz, Cook, Hanna & Kelly,* for appellant.

*Herbert G. Labbie,* for appellees.

OPINION BY JACOBS, J., June 17, 1966:

This case involves the right of a court to enter judgment on the pleadings in an action to quiet title brought for the possession of real estate purchased at a sheriff's sale.

Plaintiff, SN, Inc., filed its complaint on June 18, 1965, alleging that it had purchased the real estate in question at a sheriff's sale held May 7, 1965 as the result of a writ of execution issued at the suit of Investors Acceptance Corporation against defendants and that it had received a deed from the sheriff. The complaint asked for possession of the premises described in the deed, averring that the defendants were in possession of the premises and had refused to deliver up possession of the premises after demand. The defendants filed an answer in which they averred that "the entry of judgment and writ of execution were contrary to law and equity" and denied that the property was purchased by plaintiff, averring that it was purchased at the sheriff's sale by Investors Acceptance Corporation. They denied the validity of plaintiff's title and attached new matter to their answer but failed to en-

dorse the answer with a notice to plead. The new matter contained this single allegation:

"Defendants have filed a complaint in equity, at No. 3941 July, 1965, against the plaintiffs, setting forth the defendants' defenses in particularity in this matter, and requesting no further proceedings in this action pending the outcome of said equity proceedings."

The plaintiff then filed a motion for judgment on the pleadings on the basis that "only fraud in the sale or want of authority to sell" could defeat the title of the plaintiff as a sheriff's vendee, and that the answer filed by the defendants failed to allege fraud or want of authority to sell. The court below refused the plaintiff's motion for judgment on the pleadings but granted judgment for the defendants, as was its right to do in a proper case under the provisions of Pa. R. C. P. No. 1034. However, this was not a proper case for the entry of judgment on the pleadings in favor of either party.

A motion for judgment on the pleadings should be granted only in a case which is clear and free from doubt. *Smith v. Brown-Borhek Co.*, 414 Pa. 325, 200 A. 2d 398 (1964). When ruling upon such a motion the court may consider only the pleadings and documents properly attached thereto. It may not consider disputed matters of fact or matters which are collateral to the pleadings. *Bogojavlensky v. Logan*, 181 Pa. Superior Ct. 312, 124 A. 2d 412 (1956); *Nederostek v. Endicott Johnson Shoe Co.*, 415 Pa. 136, 202 A. 2d 72 (1964). In this case the defendants in their new matter referred to their complaint in equity, No. 3941 July, 1965, and apparently the court below considered that complaint as incorporated by reference. A copy of that complaint was not attached to the pleadings in this case and we have no way of knowing whether the court considered only that equity complaint or whether it went outside that record, too, in reaching its conclu-

sion.[1] In any event, the record before us contains none of the information considered by the lower court and it is impossible for us to find in this record a case which is clear and free from doubt. See *Boulton v. Starck,* 369 Pa. 45 at 50, 85 A. 2d 17 (1951).

Two other matters deserve brief consideration. We do not agree with the plaintiff that the court could not consider the allegations of the defendants under new matter because the answer containing new matter was not endorsed with a notice to plead. It is true that the plaintiff was not required to answer the new matter under Pa. R. C. P. No. 1026, which provides that "no responsive pleading need be filed unless the preceding pleading is endorsed with a notice to plead." But this rule does not mean that a plaintiff can treat the new matter as if it was never filed and get a judgment on the pleadings. When the plaintiff elected to proceed by asking for judgment on the pleadings, which is in the nature of a demurrer, instead of objecting to the new matter preliminarily or filing an answer, it admitted the truth of defendants' properly pleaded averments *for the purposes of that motion. Cary v. Lower Merion School District,* 362 Pa. 310, 66 A. 2d 762 (1949). We need not at this time express an opinion as to whether or not the new matter was properly

---

[1] In its opinion supporting its grant of judgment for the defendants on the pleadings, the lower court discusses a home improvement contract entered into by the defendants in 1964 with a construction company; a note given on the contract and the assignment of the same to Investors Acceptance Corporation who entered judgment against defendants to No. 5896 January Term, 1965; all the proceedings of the execution leading up to the sheriff's sale; and the sheriff's return. The court then concluded that the sheriff's sale was defective because of lack of notice and that the deed was a nullity. The court also found that the execution was for an excessive amount and illegal and void. It further determined that the charges added onto and incidental to the home improvements were exorbitant.

pleaded except to say that failure to endorse with notice to plead did not of itself prevent the pleading from being proper. *Luria Steel & Trading Corporation v. Dittig,* 414 Pa. 197, 199 A. 2d 465 (1964), cited by plaintiff, is clearly inapposite as failure to endorse a notice to plead was not mentioned in that opinion.

We also note that among the admissions made by plaintiff in filing its motion for judgment on the pleadings is defendants' allegation that Investors Acceptance Corporation, not the plaintiff, was the purchaser at the sheriff's sale. This is in direct conflict with its own allegation that it was the purchaser.

It is apparent that many questions must be resolved before the right to possession can be decided in this case. However, these cannot be resolved on a motion for judgment on the pleadings as the pleadings now stand. If either or both the parties desire to amend, they should be permitted to do so.

Judgment reversed and the case remanded with a procedendo.