**Plunkett v. Carpec**

*Francis J. Fornelli,* for plaintiff.
*William Irwin,* for defendant.

ACKER, J., August 7, 1972.—The matters for decision arise from a complaint in equity for partition and rental values. To this, defendant, Peter Carpec, filed, through his attorney, a handwritten preliminary objection claiming that plaintiff was enjoined from proceeding with the divorce action in Georgia or foreign jurisdiction and that the effort to secure a divorce in that State was a nullity. Therefore, he claims that this court has no right to consider the question of partition and requests that the court direct plaintiff to restrain from further harassment of defendant as well as to strike the complaint. Plaintiff responded by a petition to strike the preliminary objection which is presently for determination.

Inter-related thereto is a motion to strike judgment or, in the alternative, to open judgment which was entered by a praecipe to the prothonotary upon a complaint in equity which was an effort to prevent Regina L. Carpec, now Regina L. Plunkett, from going forward with a divorce action in the Superior Court of Richmond County, Georgia.

The facts appear to be as follows. The parties were married on the sixteenth day of August 1942. Seven children were born as a result of their union. On October 26, 1968, Mrs. Plunkett, then Regina Carpec, left the domicile of the parties and after six months residence in the State of Georgia commenced an action in the Superior Court of Richmond County, Georgia. On September 3, 1969, Peter Carpec commenced an action against his wife in equity, praying that the court decree that any divorce proceeding in Georgia be declared null and void, that the court issue process directing the wife to appear at the next term of Common Pleas Court in equity to answer the complaint, that service be authorized on an out-of-State resident pursuant to Pennsylvania Rule of Civil Procedure 1504(b)(2) and for such other relief as may be deemed necessary and proper. The notice to plead read as follows: "You are hereby notified to plead to the within complaint within twenty days of the date of service hereof," signed by counsel for plaintiff.

The only order ever entered pursuant to that action by the court was on the date of its filing authorizing service pursuant to the above-mentioned rule of civil procedure. Defendant did not enter an appearance or take any affirmative action of any type concerning the equity action. On October 2, 1969, without notice, plaintiff presented to the prothonotary a praecipe for default judgment reading: "Please enter a default judgment against the defendant, herein, for failure

to enter an appearance and/or file an answer in the within matter."

It is to be noted that no injunction was issued nor was any notice ever given to Regina Carpec of a default judgment in the equity action.

Regina Plunkett continued to pursue her divorce action in Georgia with a decree being entered on July 28, 1970. She subsequently became remarried, continues to reside in Georgia, and on April 18, 1972, filed in this court a complaint in equity for partition and rental values. In her complaint she alleges, inter alia, that since October 1968 defendant has appropriated and applied the entire described parcels of property and rental moneys to his own use exclusively. Plaintiff prays that the court enter an order directing a partition and granting to her one-half of the fair rental value of the properties. To this, Peter Carpec, Jr., filed a preliminary objection alleging that his former wife had been enjoined from proceeding with the divorce action in Georgia or any other foreign jurisdiction and that the effort to partition is, therefore, a nullity. Plaintiff, Regina Plunkett, then filed a petition to strike the preliminary objection. Upon these facts, this matter comes for determination.

*I. Should the preliminary objection to the complaint in equity for partition and rental values be sustained?*

The factual basis as alleged in the preliminary objections is erroneous when it is alleged that this court granted an injunction against Regina Carpec proceeding in her divorce action as filed in Georgia. Although the complaint prays, inter alia, for such an injunction, the only order entered is permitting service upon defendant pursuant to Pa. R. C. P. 1504(b) (2).

The position of Regina Plunkett that the endorsed notice to plead was defective is well taken. Pennsylvania Rule of Civil Procedure 1361 requires in addi-

tion to that set forth in this complaint ". . . or a default judgment may be entered against you."

Likewise, in an equity action before a default judgment can be entered, if there is not a proper endorsement to plead, the judgment can only be entered by the court. In such case, the court before entering a final order may take testimony to assist it in framing the decree and determining a proper adjudication: Pa. R. C. P. 1511(b).

Pennsylvania Rule of Civil Procedure 1026 relieves a defendant of the obligation of filing a responsive pleading unless the complaint is properly endorsed with a notice to plead. In consequence thereof, no default judgment can be entered against such a person: Lewandowski v. Crawford, 208 Pa. Superior Ct. 365, 222 A. 2d 601 (1966).[1]

Pennsylvania Rule of Civil Procedure 1029(d) states that averments in a pleading to which no responsive pleading is required shall be deemed to be denied.[2]

Therefore, defendant in Georgia, even though properly served, was not informed by the notice to plead as required by the above-mentioned procedural rules that she could have a default judgment taken against her for failure to answer. Plaintiff had no legal right to praecipe the prothonotary for a default judgment nor did the prothonotary have a right or duty to enter the default judgment. Wife-defendant was never informed that a default judgment was entered against

---

[1] Merely because a default judgment cannot be taken for failure to plead where an improper notice is given does not mean that a party can treat such pleadings as if they had not been filed. A discussion of this aspect of the rule appears in S. N., Inc. v. Long, 208 Pa. Superior Ct. 38, 220 A. 2d 357 (1966).

[2] A discussion of the meaning and effect of this rule is found in Clark v. Yellow Cab Co. of Philadelphia, 43 D. & C. 2d 798 (1968).

her. Therefore, there was no injunction or order of restraint ever entered against defendant in this court preventing her from going forward with her divorce action in Georgia. Regina Carpec secured the divorce action, continues as a resident of the State of Georgia and is remarried. No injunctive relief will be granted where defendant-spouse has acquired a bona fide domicile and residence in the State in which she commenced and was granted the divorce action, for equity has no power to restrain a person from obtaining a lawful divorce: Smith v. Smith, 364 Pa. 1, 70 A. 2d 630 (1950). Nor will the court grant an injunction against the divorce action where the action has already resulted in a divorce decree: Wallace v. Wallace, 371 Pa. 404, 89 A. 2d 769 (1952).

Reliance by Peter Carpec upon Linett v. Linett, 434 Pa. 441, 254 A. 2d 7 (1969), is ill-founded. There not only was service made upon the husband in Reno, Nev., under Pa. R. C. P. 1504 (b) (2), but a decree binding defendant personally was proper because he had submitted himself to the jurisdiction of the court. Previously, he had commenced two actions in Pennsylvania for an accounting of entireties rentals, he was defendant in a support action and had filed his own divorce action in Pennsylvania until he elected to abandon it. Therefore, he was deemed to have submitted to the jurisdiction of the court. Contrary thereto in the case at bar, the wife-plaintiff did nothing to submit to the jurisdiction of this court prior to obtaining a divorce in Georgia and there was not a valid default judgment ever entered against her. Wherefore, reliance upon Linett v. Linett, supra, is improper.

## ORDER

And now, August 7, 1972, the default judgment entered at December term, 1969, no. 2, in equity,

upon praecipe to the prothonotary of October 2, 1969, is hereby stricken.

The prayer of the petition of Regina Carpec, a/k/a Regina L. Plunkett, at June term, 1972, no. 3, in equity, to strike the preliminary objection of defendant, Peter Carpec, a/k/a Peter Carpec, Jr., is granted and defendant is granted 20 days in which to further plead.

