476 A.2d 1322

**Concetta GALLO, Appellant,**

**v.**

**J.C. PENNEY CASUALTY INSURANCE COMPANY.**

Superior Court of Pennsylvania.

Argued March 8, 1984.

Filed May 11, 1984.

Petition for Allowance of Appeal Denied Sept. 25, 1984.

268

Ronald W. Shipman, Easton, for appellant.

Robert E. Simpson, Jr., Easton, for appellee.

Before ROWLEY, MONTEMURO and JOHNSON, JJ.

MONTEMURO, Judge:

The appellant, Concetta Gallo, commenced an action in trespass and assumpsit against appellee, J.C. Penney Casualty Insurance Company, to recover No-Fault benefits to which she claims entitlement by reason of injuries sustained

as a passenger in a snowmobile involved in an accident. The Court of Common Pleas of Northampton County, per the Honorable Franklin S. Van Antwerpen, granted the appellee's motion for judgment on the pleadings on the ground that a snowmobile is not a motor vehicle as defined by the policy and by the No-Fault Act.[1] The court concluded that because a snowmobile is not a vehicle, the contract of insurance between appellant and appellee does not provide coverage for the snowmobile accident.

The sole question before us is whether the trial court erred in deciding as a matter of law that a snowmobile is not a motor vehicle. In reviewing a trial court's order granting judgment on the pleadings, we are guided by the following standard:

> [A] motion for judgment on the pleadings may be granted in cases which are so free from doubt that a trial would clearly be a fruitless exercise. Such a motion is in the nature of a demurrer; all of the opposing party's well pleaded allegations are viewed as true but only those facts specifically admitted by him may be considered against him.

*Karns v. Tony Vitale Fireworks Corporation,* 436 Pa. 181, 184, 259 A.2d 687, 688 (1969); *Bata v. Central-Penn National Bank of Philadelphia,* 423 Pa. 373, 224 A.2d 174 (1966). A judgment on the pleadings shall not be entered when there are unknown or disputed issues of fact. *North Star Coal Company v. Waverly Oil Works, Co.,* 447 Pa. 241, 288 A.2d 768 (1972); *Sun Oil Company v. Bellone,* 292 Pa.Super. 341, 437 A.2d 415 (1981). In conducting this inquiry, the court should confine its consideration to the pleadings and relevant documents. *DiAndrea v. Reliance Savings and Loan Association,* 310 Pa.Super. 537, 456 A.2d 1066 (1983); *Del Quadro v. City of Philadelphia,* 293 Pa.Super. 173, 437 A.2d 1262 (1981); *SN, Inc. v. Long,* 208 Pa.Super. 38, 220 A.2d 357 (1966). No affidavits, depositions or briefs may be considered. *Id.* Finally, we note that the "granting of a motion for judgment on the plead-

1. Act of July 19, 1974, P.L. 489, No. 176, 40 P.S. § 1009.101, *et seq.*

ings may be appropriate in cases that turn upon the construction of a written agreement." *DiAndrea v. Reliance Savings and Loan Association, supra,* 310 Pa.Super. at 546, 456 A.2d at 1070.

The question before us was put into issue in the pleadings. See Defendant's Answer and New Matter at p. 3, para. 17; Plaintiff's Reply to New Matter at p. 1, para. 17. On May 6, 1982, the appellee filed a motion for judgment on the pleadings in which appellee contended, *inter alia,* that appellant had failed to state a claim upon which relief could be granted in that the insurance contract did not cover accidents involving snowmobiles. After briefs were filed by the parties and argument was held, the court granted the motion by order of July 6, 1982.

The insurance contract between the appellant and the appellee provides as follows:

SECTION I

PERSONAL INJURY PROTECTION COVERAGE

In accordance with the Pennsylvania No-Fault Motor Vehicle Insurance Act, the Company will pay any or all personal injury protection for:

    (a) *medical expenses,*

    (b) *work loss,*

    (c) *replacement services loss,*

    (d) *funeral expenses,* and

    (e) *survivor's loss*

for *bodily injury* to an *eligible person* due to an accident resulting from the maintenance or use of a motor vehicle as a vehicle.

. . . .

DEFINITIONS

. . . .

*"Motor Vehicle"* means any vehicle of a kind required to be registered under the Pennsylvania Vehicle Code. (Emphasis in original).

This provision parallels the requirements of the Pennsylvania No-Fault Act. Accordingly, reference to the Pennsylvania Vehicle Code[2] is necessary to establish whether the term "motor vehicle" encompasses snowmobiles.

Section 102 of the 1976 Vehicle Code defines the terms "motor vehicle" and "vehicle":

> *"Motor vehicle."* A vehicle which is self-propelled except one which is propelled solely by human power or by electric power obtained from overhead trolley wires, but not operated upon rails.

> . . . .

> *"Vehicle."* Every device in, upon or by which any person or property is or may be transported or drawn upon a highway, except devices used exclusively upon rails or tracks.

75 Pa.C.S.A. § 102. These definitions are somewhat intertwined in that the definition of "motor vehicle" requires that the instrument or device in question be a "vehicle". Construing these provisions *in pari materia*, and in conjunction with other provisions of the Vehicle Code which will be discussed *infra* we conclude that a snowmobile is a motor vehicle.

To qualify as a vehicle, a snowmobile is required to be (1) a device, (2) in, upon or by which persons or property *may be* transported upon a highway. The term "device" is not defined by the Vehicle Code; however, according to the common and approved usage of the word, 1 Pa.C.S.A.App. § 1903(a), we unhesitatingly conclude that a snowmobile is

**2.** The policy provision defining "motor vehicle" suffers from a defect similar to that in the corresponding provision in the No-Fault Act, 40 P.S. § 1009.103, in that it is not apparent whether reference is made to the 1959 Vehicle Code or the 1976 Vehicle Code. Previous panels of this court have referred to the 1976 Vehicle Code, Act of June 17, 1976, P.L. 162, No. 81; 75 Pa.C.S.A. § 101, *et seq.*, when construing the term motor vehicle. *Bills v. Nationwide Mutual Insurance Company*, 317 Pa.Super. 188, 191 n. 3, 463 A.2d 1148, 1150 n. 3 (1983); *Crawford v. Allstate Insurance Company*, 305 Pa.Super. 167, 171 n. 1, 451 A.2d 474, 476 n. 1 (1982); *Siefert v. Nationwide Insurance*, 289 Pa.Super. 160, 432 A.2d 1101 (1981). We likewise conclude that the 1976 Vehicle Code is the logical reference point.

a "device".[3] Moreover, the Vehicle Code makes it clear that a snowmobile may be transported upon a highway.

██ The general rule is set forth at 75 Pa.C.S.A. § 7721(a), which states: "Except as otherwise provided in this chapter, it is unlawful to operate a snowmobile on any street or highway which is not designated and posted as a snowmobile road by the governmental agency having jurisdiction." The exception is set forth at 75 Pa.C.S.A. 7722(a) which states:

> § 7722. Designation of snowmobile roads
>
> (a) General rule.—The Department of Transportation on State-designated highways and local authorities on any highway, road or street within its jurisdiction may designate any highway, road or street within its jurisdiction as a snowmobile road and may, in its discretion, determine whether such road shall be closed to vehicular traffic or whether snowmobiles may share this designated road with vehicular traffic.

This statute authorizes the use of motor vehicles on designated streets and highway. As such, snowmobiles qualify as "vehicles" under the Vehicle Code in that they are devices which may be legally transported, albeit under limited circumstances, upon highways in this Commonwealth. Moreover, a snowmobile is a "motor vehicle" because it is a (1) vehicle, (2) which is self-propelled, (3) does not receive power from overhead wires, and (4) does not operate exclusively on rails or tracks. Consequently, a snowmobile is both a "vehicle" and a "motor vehicle" as defined by 75 Pa.C.S.A. 102.

A snowmobile is also required to be registered under the Motor Vehicle Code. 75 Pa.C.S.A. § 7712.[4] Thus, it ap-

---

3. "*device* ... e. a piece of equipment or a mechanism designed to serve a special purpose or perform a special function." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY (1961).

4. § 7712. Registration of snowmobiles

(a) General rule.—Upon application therefor upon a form prescribed and furnished by the department which shall contain a full description of the snowmobile, the actual and bona fide name and

pears that a snowmobile is potentially a "motor vehicle" under both the No-Fault Act and the terms of the insurance contract between appellant and appellee. The appellee argues that a snowmobile is not a motor vehicle on two grounds: (1) that a snowmobile cannot be used on a highway; and (2) that the Regulations interpreting the No-Fault Act specifically exclude snowmobiles. 31 Pa.Code § 66.1–103 C., 5 Pa.B. 897 (April 11, 1975).[5] Having disposed of appellee's first argument, we turn to the second.

The appellee argues that the form of the insurance policy issued to the appellant was one required to be used by the Insurance Department; that it had been submitted to, and approved by, the Insurance Department, and further that the policy provides it is "[i]n accordance with the Pennsylvania No-Fault Motor Vehicle Insurance Act." Consequently, it is asserted that the No-Fault Act, and the Regulations promulgated thereunder, were intended to be incorporated into the policy. The reference to the No-Fault Act has been duly noted, *supra* at 3; however conspicuous by its absence in the policy is any reference, expressed or implied, to the Regulations promulgated under the No-Fault Act.

■ The Regulations are guidelines for the interpretation of the No-Fault Act. The definition found in the Regulations is not dispositive in the interpretation of a statutory phrase. *Habecker v. Nationwide Insurance Company*, 299 Pa.Super. 463, 470 n.6, 445 A.2d 1222, 1226 n.6 (1982). While the Regulations are often persuasive, we conclude

> address of the owner, proof of ownership and any other information the department may reasonably require, and which shall be accompanied by the required fee, the department shall issue a certificate of registration of a snowmobile and a decal showing the expiration date to the owner.

5. The cited Regulations stated in the definitional section:
   " *'Motor Vehicle'*—Motor Vehicle means a vehicle of a kind required to be registered under the Vehicle Code and shall not include: ... (f) snowmobiles."
   31 Pa.Code § 66.1–103C.(f) It is interesting to note that Section 66.1 has been amended to read: " *'Motor Vehicle'* A vehicle of a kind required to be registered under the Vehicle Code (75 Pa.C.S.A. §§ 101–8122). 31 Pa.C. § 66.1, 10 Pa.B. 3656 (September 13, 1980).

that in the present case they do not mandate the exclusion of snowmobiles from coverage under the No-Fault Act.

■ Alternatively, we would conclude that the Regulations, while affording a minimum standard for a No-Fault insurance policy, do not put a ceiling on specified amount or type of coverage. 31 Pa.Code § 66.101. "An insurance company is free, out of motives of altruism, generosity or naked commercial advantage, to provide broader coverage than the No-Fault Act, and if it does so, the policy language controls." *Drake v. Donegal Mutual Insurance Company,* 422 F.Supp. 272, 274 (W.D.Pa.1976); 7 Blashfield Automobile Law and Practice, Section 2715, pp. 7–8 (3d ed. 1966). Our conclusion is, therefore, that a motor vehicle as defined by the No-Fault Act and by the insurance contract includes snowmobiles.

Our analysis is not complete without an examination of the prior decisions of this court refining the definition of motor vehicle. In *Siefert v. Nationwide Insurance, supra,* we held that a trail bike, which was not equipped with a head lamp, tail lamp or horn, was not a "motor vehicle" for the purposes of the No-Fault Act. In *Siefert,* the panel's analysis focused on the trail bike's lack of equipment which would have been necessary for street use; equipment which was necessary for the bike to be registered.

In *Crawford v. Allstate Insurance Company, supra,* we held that a pick-up truck, which was operating on railroad tracks by means of a special adapting device when it was involved in an accident, was a motor vehicle under the No-Fault Act. The truck in question was registered in Ohio, and had been used both prior to and subsequent to the accident on highways in this Commonwealth. This court dismissed the insurer's argument that the accident was not covered by insurance because it occurred on railroad tracks and not on a highway, stating: "[W]e are of the opinion that the proper test in applying the 'maintenance and use' concept to individual fact situations is whether the injury is causally related to the use of a motor vehicle." *Id.,* 305 Pa.Super. at 173, 451 A.2d at 477.

In *Bills v. Nationwide Mutual Insurance Company,* we held that a dune buggy which was unregistered and was not equipped with a rear lighting system, turn signals and hazard warning lights, a muffler or rear wheel shields (as required by the Vehicle Code) was not a "motor vehicle" under the No-Fault Act.

■ In *Bills,* Judge Johnson, in a characteristically well-reasoned opinion, went beyond the *Siefert* analysis and further refined the *Crawford* analysis by looking to the stated findings and purposes of the No-Fault Act.[6] In response to those findings and purposes, Judge Johnson stated:

It seems reasonable to assert that our legislature did not have in mind that every conceivable injury arising from the use of any conceivable self-propelled vehicle where the accident might occur anywhere in the Commonwealth would result in no-fault benefits under the Act. Even in *Crawford,* we were able to determine that the vehicle there involved had been used, from time to time, on the public highways.

Appellees argue that since the dune buggy here involved could have been driven on the highway, and since it is self-propelled, it fits the definitions of "vehicle" and "mo-

6. § 1009.102 Findings and purposes

(a) Findings.—The General Assembly hereby finds and declares that:

(1) motor vehicles are the primary instrumentality for the transportation of individuals;

(2) *the transportation of individuals by motor vehicle over Commonwealth highways and other highways significantly affects interstate commerce,* particularly in metropolitan areas;

(3) the maximum feasible restoration of all individuals injured and compensation of the economic losses of the survivors of all individuals killed in motor vehicle accidents on Commonwealth highways, in intrastate commerce, and in activity affecting intrastate commerce is essential to the humane and purposeful functioning of commerce;

(b) Purposes.—Therefore, it is hereby declared to be the policy of the General Assembly to establish at reasonable cost to the purchaser of insurance, a Statewide system of prompt and adequate basic loss benefits for *motor vehicle accident victims and the survivors of* deceased victims. (Emphasis added).

tor vehicle" contained in the Vehicle Code. With this proposition, we readily agree. *See* 75 Pa.C.S.A. § 102. As appellees point out in their Brief, however, the issue remains whether this dune buggy is a vehicle "of a kind required to be registered under [the Vehicle Code]."

We need not decide, nor do we attempt to determine, whether some other dune buggy, differently equipped or put to some other use, might fit within the ambit of the No-Fault Act. We here merely hold that an uninsured, unregistered vehicle which upon assembly lacks a substantial portion of the minimum equipment required for registration in this Commonwealth and which at the time of the accident continuously has been operated exclusively off of public highways without such required equipment, is not "a vehicle of a kind required to be registered under [the Vehicle Code]," (Footnote omitted)

*Bills v. Nationwide Mutual Insurance Company, id.,* 317 Pa.Super. at 194–95, 463 A.2d at 1151–52. We find Judge Johnson's observation especially relevant herein. Snowmobiles, while registered under the Vehicle Code, and potentially usable on highways in this Commonwealth, are not vehicles which are principally used on Commonwealth highways. Rather, they are more often operated on private lands and private roads. We do not believe that the legislature intended that coverage be provided for vehicles which are principally off-road vehicles when they are being operated other than on Commonwealth highways. With this in mind, we would hold that under the No-Fault Act snowmobiles are motor vehicles, but that coverage under the Act is provided only when the accident occurs on a public road, street or highway, which has been designated and posted as a snowmobile road by the government agency having jurisdiction, and when the vehicle is registered and has the equipment mandated by statute.[7]

7. *See* 75 Pa.C.S.A. § 7721 (operation on streets and highways); 75 Pa.C.S.A. § 7741 (requiring head lamp and tail lamp); 75 Pa.C.S.A. § 7742 (requiring brakes); and 75 Pa.C.S.A. § 7743 (requiring a muffler)

On the state of the record before us, we cannot determine whether these requisites have been met. Consequently, the case must be remanded to the trial court to determine the registration status of the vehicle, how it was equipped and most importantly, the situs of the accident. The order of the trial court granting judgment on the pleadings is vacated and the case is remanded for further proceedings consistent with this opinion. Jurisdiction is not retained.