38

479 A.2d 1066

**Sherry L. SENFT, a minor, by Terri R. SENFT and Robert C. Senft, Her Guardians**

v.

**KEYSTONE INSURANCE COMPANY, Appellant.**

Superior Court of Pennsylvania.

Argued April 4, 1984.

Filed Aug. 10, 1984.

Joseph C. Korsak, York, for appellant.

Donald Yost, York, for appellees.

Before WICKERSHAM, OLSZEWSKI and HOFFMAN, JJ.

WICKERSHAM, Judge:

The minor plaintiff-appellee, Sherry L. Senft, by her parents and legal guardians, Terri R. and Robert C. Senft, commenced this action by filing a petition for medical benefits under a no-fault insurance policy issued by defendant-appellant Keystone Insurance Company.

The accident which gave rise to the instant litigation occurred on July 12, 1979. On that date, Sherry Senft was a pedestrian who was struck by an automobile owned by one Luther Schwartz, a farmer. The vehicle involved in the accident, which occurred on Mr. Schwartz's farm, was an unregistered 1966 Ford sedan, used exclusively on the farm.

Appellant denied coverage on the ground that the vehicle that struck the minor appellee was an "implement of husbandry" rather than a "motor vehicle," as defined by the policy. The lower court disagreed, holding that the automobile was indeed a "motor vehicle" and that appellees were entitled to recover medical benefits from appellant. On March 18, 1983, the court *en banc* denied and dismissed appellant's exceptions. This timely appeal followed.

Appellant presents us with the following issue:

I. Whether the Trial Court erred in finding that the vehicle was a 'motor vehicle' as defined in the Motor Vehicle Code and the No-Fault Act?

A. Whether the Trial Court erred in finding that [the] vehicle was not an implement of husbandry as defined in the Motor Vehicle Code?

B. Whether the Trial Court erred in finding that a determination by the Department of Transportation

was necessary to make the vehicle an implement of husbandry as defined in the Motor Vehicle Code? Brief for Appellant at 3.

Essentially, we are being called upon to determine whether appellees are entitled to recover no-fault medical benefits from appellant. The policy issued to appellees by appellant Keystone provides that Keystone will pay the medical expenses of an "eligible person" who is defined as "the named insured or any relative who sustains injury while occupying, or as a pedestrian struck by, any motor vehicle." A "motor vehicle" is "any vehicle of a kind required to be registered under the Pennsylvania Vehicle Code." [1]

The Vehicle Code provides that a vehicle must be registered unless it meets the specifications of one of the enumerated exceptions. 75 Pa.C.S. § 1302(a). [2] Appellant contends that the vehicle in question need not be registered pursuant to the exception set out in 75 Pa.C.S. § 1302(b)(2): [3]

(b) **Exceptions.**—Subsection (a) [requiring registration] does not apply to the following:

. . . .

(2) Any implement of husbandry or trailer determined by the department to be used exclusively for agricultural operations and only incidentally operated upon highways.

. . . .

1. These definitions parallel the definitions of "victims" and "motor vehicle" provided by the No-Fault Insurance Act. Act of July 19, 1974, P.L. 489, No. 176, art. I, § 103, 40 P.S. § 1009.103.

2. Act of June 17, 1976, P.L. 162, No. 81, § 1. This was the applicable provision at the time of the accident. The general provision regarding registration of vehicles is now found at 75 Pa.C.S. § 1301, Act of June 17, 1976, P.L. 162, No. 81, § 1, as amended by Act of July 22, 1983, P.L. 122, No. 32, § 2.

3. Act of June 17, 1976, P.L. 162, No. 81, § 1. This provision is now found at 75 Pa.C.S. § 1302(a)(2). *Id.*, as amended by Act of July 20, 1979, P.L. 168, § 1; Act of February 15, 1980, P.L. 12, No. 8, § 1; Act of July 11, 1980, P.L. 550, No. 113, § 1; Act of October 10, 1980, P.L. 791, No. 147, § 2; Act of March 7, 1982, P.L. 152, No. 49, § 3; Act of June 23, 1982, P.L. 605, No. 171, § 2.

(ii) Vehicles exempt from registration under this paragraph shall be used exclusively upon a farm or farms owned or operated by the owner of the vehicle or upon highways between:

(A) Parts of one farm.

(B) Farms located not more than 25 miles apart.

(C) A farm and a place of business located within a radius of 25 miles from the farm for the purpose of buying or selling agricultural commodities or supplies or for the inspection, repair or servicing of the vehicle.

Appellant contends that this "implement of husbandry" exception applies to Mr. Schwartz's Ford sedan. The Pennsylvania Code provides guidelines for determining whether a vehicle is an implement of husbandry. One category of implements of husbandry includes "[v]ehicles designed for operation upon highways but adapted for specialized use on the farm; such as trucks from which cabs or windshields have been removed for use in orchards." 67 Pa.Code § 11.2(b)(2).

Instantly, the parties stipulated that the 1966 Ford sedan which struck the minor was

owned and then operated by Luther Schwartz of Littlestown, Pennsylvania. This vehicle had not been physically modified by Schwartz or any prior owner, and was the same type of vehicle available to the public through any Ford dealership, and was designed primarily for highway use. A photograph of same is attached. The vehicle was not registered. It was used by Schwartz on his farm properties, all of which adjoin each other and were located within a five mile radius. The vehicle was adapted and used by Schwartz exclusively for agricultural operations as a field service vehicle and was only incidentally operated upon highways between parts of his farm.

R.R. at XVI–A.

We agree with the lower court that the vehicle in question was not an implement of husbandry. While it is true that the owner used the vehicle exclusively on his farm, the Ford was designed primarily for highway use and was the

same as any other vehicle of its make, year, and model available to the public. Furthermore, it had not been physically modified by Schwartz or any prior owner. Thus, the Ford does not comply with 67 Pa.Code § 11.2(b)(2), which requires substantial adaptions to be made to a vehicle designed for highway use before it can be categorized as an implement of husbandry.

We find that the vehicle in question does not meet the requirements of the "implement of husbandry" exception, nor any of the other exceptions enumerated in the Vehicle Code. Since the vehicle is not covered by any of the exceptions, it is of the type that is required to be registered pursuant to the Vehicle Code. Thus, it is a "motor vehicle" as defined by the Pennsylvania No Fault Motor Vehicle Insurance Act[4] and by the policy of insurance issued by appellant.

Appellant contends that the court *en banc* erred in holding that a determination of the Department of Transportation was necessary to make the vehicle an implement of husbandry. We do not believe that the court *en banc* held that such a determination was necessary. *See* opinion of lower ct. *en banc* at 2–3. Rather, the court ruled that, assuming a department determination was *not* necessary, "the absence of such a determination here cannot lead us to conclude anything significant about the status of the vehicle in question." Opinion of lower ct. *en banc* at 3. Thus, the court *en banc* never decided whether a department determination was necessary. We agree that, under the facts of this case, we need not decide this issue.

The court below properly made an independent decision as to the status of the vehicle in question. As heretofore discussed, we agree with the court's finding that the vehicle is not the type which is exempt from the Vehicle Code's registration requirement. Thus, the Ford is a "motor vehicle" as defined by the No-Fault Act and by the insurance

**4.** For an interesting discussion of prior cases that refine the definition of motor vehicle see *Gallo v. J.C. Penney Casualty Insurance Company,* 328 Pa.Super. 267, 476 A.2d 1322 (1984).

policy issued by appellant. Therefore, the lower court properly found that appellant Keystone is liable for the medical expenses incurred by the appellees.

Order affirmed.