**Devine Brothers v. City of Philadelphia**

*R. Michael Carr*, for plaintiff.
*Carl Oxholm III*, for defendant.

GOLDMAN, *J.*, May 30, 1985—This class action is before the court on defendant's motion for judgment on the pleadings.[1] Because this court concludes that plaintiff's claim is barred by the statute of limitations, the motion is granted, and judgment is entered in favor of defendant. In addition, the purported class being left with no representative to pursue its interests, the action is dismissed in its entirety.

## FACTS

Plaintiff, a general and mechanical contractor that had submitted bids to the city for public works

---

1. Although the complaint contained class action allegations, no class certification hearing has as yet been held.

contracts between November 1977 and June 1978, filed this class action suit in equity and assumpsit on June 15, 1983.[2] On behalf of all unsuccessful nondefaulting bidders on city public works contracts, plaintiff challenged the city's usual practice in dealing with such contracts, whereby the city deposits the checks submitted by bidders as security into its accounts and, after the contract is awarded, draws new checks to nondefaulting bidders, rather than promptly returning the bidders' original certified checks. According to plaintiff, this procedure contravenes applicable ordinances, regulations and bidding requirements, specifically paragraph six of the city's standard contract requirements, which require that the city merely retain checks as security and promptly return them to all but the two lowest responsible bidders. Plaintiff alleged that by depositing the security checks and by not promptly returning them to nondefaulting bidders, the city gained the benefit of the proceeds of the deposited funds and extended the period of its exclusive use of those funds, thereby breaching the express or implied trust or express or implied contract that arose between the city and the bidders by virtue of the standard contract requirements.

In its answer to the second amended complaint, defendant alleged as new matter that the action is barred by the statute of limitations. Plaintiff replied, generally denying defendant's allegations.

In moving for judgment on the pleadings, defendant argues that plaintiff's claim is time-barred, since premised on events that took place more than two years before suit was filed.[3] According to de-

2. By order dated July 9, 1984, the court dismissed the counts in equity.

3. Defendant also argues that the complaint is both legally and factually insufficient to support a claim for which relief

fendant, plaintiff's action is accurately characterized as one "for taking, detaining or injuring personal property," or as one "against any officer of any government unit for the nonpayment of money," and as such, is governed by 42 Pa.C.S. §5524(3) or (6). Plaintiff opposes the motion on the ground that this is "an action upon a contract, obligation or liability founded upon ... (an) instrument in writing," that is, the standard contract requirements, and thus is subject to the six-year limitation period prescribed in 42 Pa.C.S. §5527(2). Defendant counters that even if characterized as a breach of contract action, the claim is nonetheless governed by the two-year statute because §5527(2) applies only in the absence of another, more specific, provision.

## DISCUSSION

### Statute of Limitations

A motion for judgment on the pleadings is in the nature of a demurrer; the pleadings and the inferences therefrom must be construed in the light most favorable to the non-moving party, Karns v. Tony Vitale Fireworks Corp., 436 Pa. 181, 184, 259 A.2d 687, 688 (1969); Goodrich-Amram 2d §1034(b) :1, at 413-14, and only those facts specifically admitted by the non-moving party may be considered against it. Karns, 436 Pa. at 184, 259 A.2d at 688; Gallo v. J.C. Penney Casualty Ins. Co., 328 Pa. Super. 267, 270, 476 A.2d 1322, 1324 (1984). Judgment on the pleadings may not be entered where

may be granted. Because we dispose of the motion on the statute of limitations issue, we do not address these other arguments.

the pleadings disclose disputed issues of fact, Gallo, 328 Pa. Super. at 270, 476 A.2d at 1324; Goodrich-Amram 2d §1034(b):1, at 412, but is appropriate only when trial would be a fruitless exercise. North Star Coal Co. v. Waverly Oil Works Co., 447 Pa. 241, 246, 288 A.2d 768, 771 (1972); Gallo, 328 Pa. Super. at 270, 476 A.2d at 1324. Judgment may, however, be entered where defendant has pleaded the statute of limitations and the facts as disclosed by the pleadings do not defeat the defense, see, e.g., Puleo v. Broad Street Hosp., 267 Pa. Super. 581, 585, 407 A.2d 394, 396 (1979), or resolution of the issue depends on a question of law. See, e.g., DeMatteo v. White, 233 Pa. Super. 339, 341, 336 A.2d 355, 356 (1975).

In the case at bar, the facts pertinent to the statute of limitations issue are not disputed, plaintiff having admitted that it last submitted a bid on a city public works contract five years before instituting suit. (See plaintiff's reply to new matter at paragraph 68.) Resolution of the issue turns solely on an accurate characterization of plaintiff's cause of action, a controlling question of law for which trial would clearly be a fruitless exercise.

Plaintiff brought suit alleging that the standard contract requirements issued by the city procurement department[4] form the basis for either an ex-

---

4. Specifically, plaintiff relies on paragraph six of the Standard Contract Requirements, which provides in pertinent part:

"6. Security for Execution of Contract.

a. The bid shall be accompanied by a certified, bank treasurer's or cashier's check (hereinafter sometime referred to as "check") drawn to "The City of Philadelphia"

• • •

c. When bids are opened and the low bidder has been determined, the procurement department shall return forthwith

press or an implied contract between the city and bidders on public works contracts. Thus, plaintiff argues, this case is governed by the six-year limitation period that applies to contract actions, set forth in 42 Pa.C.S. §5527(2).[5]

Defendant argues that this cannot be maintained as a breach of contract action because there is not, and cannot be, a contract between the city and a bidder until the city has accepted a bid. Rather, defendant maintains, by claiming that the city cashed the security checks and used the interest for its own benefit rather than promptly returning the original checks to the bidders, plaintiff is actually basing its claim on the city's "taking or detaining" of the bidders' personal property, that is, cash. In the alternative, defendant argues that plaintiff is essentially alleging that city officials have not paid money in their possession to disappointed bidders. Under either construction, the claim is governed by the two-year statute, 42 Pa.C.S. §5524(3), (6).[6] Finally, de-

---

all checks except those for the two lowest bids. Upon return of the duly executed contract documents by the lowest responsible bidder to the law department, the checks of the two lowest bidders will be returned."

5. 42 Pa.C.S. §5527(2) provides in pertinent part:

"The following actions and proceedings must be commenced within six years:. . .

(2) An action upon a contract, obligation or liability founded upon a bond, note or other instrument in writing, except an action subject to another limitation specified in this subchapter . . . ."

6. 42 Pa.C.S. §5524 provides in pertinent part:

"The following actions and proceedings must be commenced within two years:. . .

(3) An action for taking, detaining or injuring personal property, including actions for specific recovery thereof. . . .

(6) An action against any officer of any government unit for the nonpayment of money or the nondelivery of property collected upon on execution or otherwise in his possession."

fendant posits that the two-year limitation applies even if the claim is for breach of contract, since the six-year statute expressly excludes actions subject to other limitation periods. See 42 Pa.C.S. §5527(2).

In support of its argument that the city has incurred no contractual obligations because no contract was formed between bidders and the city, defendant relies on case law that has established that bidders on public works contracts cannot maintain a private cause of action, either to enjoin the awarding of a contract or to recover lost profits on an allegedly wrongfully rejected bid, because no contract is formed unless and until the city accepts a bid. See, e.g., R. S. Noonan, Inc. v. York School Dist., 400 Pa. 391, 393, 162 A.2d 623, 625 (1960); J. P. Mascaro & Sons, Inc. v. Township of Bristol, 497 F. Supp; 625, 627 (E.D., Pa. 1980). These cases offer little guidance in resolving the issue in this case, however, since plaintiff here is not a "disappointed bidder" who is attempting to recover lost profits. Rather, the basis of the allegation is that the city has violated its own bidding procedures as set forth in the standard contract requirements, and in doing so breached its contract with the *bidders*.

A different line of authority would appear to lend support to plaintiff's position. In several cases in which courts considered the respective rights of public contract bidders and municipal authorities, the decisions were based at least in part on the reasoning that "instructions to bidders are a material part of the contract between the parties." See R&B Builders v. Philadelphia School Dist., 415 Pa. 50, 52, 202 A.2d 82, 83 (1964); Whitemarsh Township Auth. v. Fruelli Bros., Inc., 408 Pa. 373, 378, 184 A.2d 512, 515 (1962); Colella v. Allegheny County, 391 Pa. 103, 107, 137 A.2d 265, 267 (1958); Acchione v. City of Philadelphia, 40 Pa. Commw.

214, 218, 397 A.2d 37, 39 (1979); Travelers Indem. Co. v. Susquehanna County Comm'rs., 17 Pa. Commw. 209, 212, 331 A.2d 917, 920 (1975).

We are persuaded by the logic of these cases that the bidding instructions in this case, the standard contract requirements, create a contractual obligation on the part of the city to comply with the provisions of those instructions.[7] We nonetheless conclude, however, that plaintiff's claim is time-barred. Plaintiff alleges that the city breached its contractual obligations by refusing to return, in other words, by detaining, the bidders' certified checks and converting the proceeds derived therefrom to its own use. Even assuming, as we must, the truth of plaintiff's allegations, the nature of the particular contractual obligation asserted here is such that it falls squarely within the language of 42 Pa.C.S. §5524(3). Cf. Tenny v. Dauphin Bank & Trust Co., 302 Pa. Super. 342, 349, 448 A.2d 1073, 1076 (1982) (§5524(3) applies to action for conversion of savings account proceeds). Because the contract at issue is thus subject to the more specific two-year limitation period set forth in §5524(3), an action for its breach is expressly excluded from the operation of 42 Pa.C.S. §5527(2). See Boyle v. State Farm Mut. Auto. Ins. Co., 310 Pa. Super. 10, 18, 456 A.2d 156, 160 (1983) (actions on written contracts are subject to six-year limitation unless contract is of a type to which more specific limitation applies). Plaintiff having filed suit more than two years after submitting its last bid on a public works contract, its claim is barred as untimely. Accordingly, the motion for judgment on the pleadings is granted.

---

7. For the purposes of this motion, we do not address whether the city has complied with the terms of the bidding instructions, but only that it must do so.

Class Action

Although a court may entertain a class action even if the representative's claim is rendered moot by the passage of time or an attempted separate settlement, see McMonagle v. Allstate Insurance Co., 460 Pa. 159, 168-69, 331 A.2d 467, 472 (1975); Janicik v. Prudential Ins. Co., 305 Pa. Super. 120, 135, n. 7, 451 A.2d 451, 458, n. 7 (1982), the action must be dismissed if the class is left without a representative to pursue its interests. Alessandro v. State Farm Mut. Auto. Ins. Co., 259 Pa. Super. 571, 581-82, 393 A.2d 973, 978 (1978), rev'd. in part on other grounds, 487 Pa. 274, 409 A.2d 347 (1979).

The effect of entering judgment against plaintiff at this point in the proceedings is to leave the purported class with no representative, since no other member of the class has been identified. Accordingly, the action must be dismissed in its entirety.

## CONCLUSION

For the reasons set forth above, the motion for judgment on the pleadings is granted, and the action is dismissed.