## Barnes v. Ream

*Thompson J. McCullough,* for plaintiff.
*Michael M. Badowski,* for defendant.

CASSIMATIS, *J.,* December 5, 1988 — This matter is before the court on defendant's motion for judgment on the pleadings.

On April 25, 1986, plaintiff allegedly stopped his car at a "yield" sign on the entrance ramp to interstate 83 at which time he was struck from behind by

defendant's vehicle. Plaintiff's car was totally damaged and he sustained various injuries.

On May 15, 1986, 20 days later, plaintiff signed a release for consideration of $1,643. This release stated in pertinent part:

"The undersigned hereby releases and forever discharges Daniel J. Ream .... from *any and all* claims, demands, damages, actions, causes of action, or suits . . . on account of all injuries, known and unknown, *both* to *person* and *property,* which have resulted or may in the future develop from an accident on or about April 25, 1986 . . ."

The release also includes a clause which states that plaintiff read and understood what was being signed.

On February 9, 1988, plaintiff commenced this action by filing a complaint. Defendant timely asserted the affirmative defense that the release operated as a bar to this action.

Plaintiff avers that the release signed was only to release his claim for vehicle repair and points to cases which require the court to examine all of the facts and circumstances surrounding the execution of the release rather than merely the language of the release. In addition, plaintiff cites the case of *Sparler v. Fireman's Insurance Co. of Newark, New Jersey,* 360 Pa. Super, 597, 521 A.2d 433 (1987) for the proposition that a general release beyond that for vehicle repair is not intended nor contemplated by the parties. In *Sparler,* a plaintiff injured in an automobile accident signed a release for a claim against defendant's insurance company. The issue before the *Sparler* court is distinguishable in that plaintiff was seeking to institute subsequent action against his own insurance company for underinsured benefits, not seeking additional recovery from the same party. More importantly, however,

the court opined that a general release does not bar a claim for personal injury *absent a specific provision which unequivocably includes personal injury claims in its terms. Sparler, supra.* The language of the release signed by plaintiff does include terms addressing property damage and personal injury. However, the form utilized is a standard form comprised of language considered to be boilerplate language. Thus, in the interest of equity, a close examination must be made.

The intent of the parties is paramount and a release normally covers only those matters fairly said to be in contemplation of the parties. *Sparler, supra.* Where the language is clear, there is no evidence of misrepresentation, and the party signing had the opportunity to read and understand the terms set forth, the release is allowed to stand. *Wolbach v. Fay,* 488 Pa. 239, 412 A.2d 487 (1980). However, the words of a release should never go beyond the extent of consideration. *Cady v. Mitchell,* 208 Pa. Super. 16, 220 A.2d 373 (1966). In *Cady,* a release was signed nine days after the incident and consideration equalled the lowest estimate to repair the vehicle. Later, injuries unknown to and unsuspected by plaintiff manifested themselves. Thus, even though the standard language in the form suggested such injuries were contemplated, the court found no intent to include these unknown variables in the scope of the release. *Cady, supra.* In the instant case, 20 days had elapsed when the release was signed and executed. Not all of the injuries diagnosed were within the purview of plaintiff's contemplation. A release will not bar a claim which has not accrued at the time of execution. *Restifo v. McDonald,* 426 Pa. 5, 230 A.2d 199 (1967).

Granting a motion for judgment on the pleadings may be appropriate in cases which turn upon the

construction of a written agreement. Pa.R.C.P. 1034; *Gallo v. J.C. Penney Casualty Insurance Co.,* 328 Pa. Super. 267, 476 A.2d 1322 (1984). However, such a motion may be granted only in "cases which are so free from doubt that a trial would be a fruitless exercise . . . all of the opposing party's well-pleaded allegations are viewed as true . . ." *Id.*

Mindful of the standard set forth in *Gallo,* we conclude that this matter is not so free from doubt as to bar plaintiff's action as a result of the prior release. Therefore, we deny defendant's motion for judgment on the pleadings.

### ORDER

And now, December 5, 1988, defendant's motion for judgment on the pleadings is denied.

The prothonotary is directed to provide notice of the entry of this opinion and order as required by law.