## Reiman v. Erie Insurance Co.

*John Vivian,* for plaintiff.
*David M. McCormick,* for defendant.

MORAN, *J.,* June 22, 1990 — The matter presently before the court involves two requests by defendant. First, defendant offers a motion for judgment on the pleadings. Second, defendant petitions the court to permit withdrawal of admissions pursuant to Pa.R.C.P. 4014(d).

Plaintiffs have filed this suit seeking payment of an accidental death benefit under a policy of insurance issued by defendant. Plaintiffs' claim for said benefit is based on the death of an unborn fetus (in the 19th week of gestation) that allegedly resulted from a vehicular accident in which plaintiff Hope E. Reiman was involved.

As defendant's motion for judgment on the pleadings depends in significant part on resolution of the issue concerning withdrawal of admissions, we will consider the latter first.

In September 1988, plaintiffs served a request for admissions on William Ross, Esq., who apparently was acting at that time as defendant's counsel with respect to plaintiffs' claim for underinsured motorist benefits. The request for admissions received no response, and on August 1, 1989 the Honorable Michael Franciosa of this court directed defendant to respond within 30 days. This order was directed to Mr. Ross as counsel for defendant. On August 22, 1989, Mr. Ross and his associate, Joanne Kelhart, filed a praecipe with the court for withdrawal of appearance. However, plaintiffs' request for admissions were not transferred from Mr. Ross to appropriate counsel for defendant until December 22, 1989. On January 8, 1990, defendant's answers to plaintiffs' request were prepared by new counsel and filed with the court.

Under Pennsylvania law, this court may permit withdrawal of admissions when the preservation of the merits of the action will be promoted thereby and when the party who obtained the admissions fails to satisfy the court that withdrawal will prejudice him in maintaining his action on the merits. Pa.R.C.P. 4014(d).

In support of a showing of prejudice, plaintiffs contend that allowance of defendant's withdrawal of admissions would "require plaintiffs to rethink, reargue and undergo a complete restructuring and re-evaluation of their arguments on defendant's motion for judgment on the pleadings." This is not the type of prejudice contemplated by rule 4014(d). The rule must be interpreted in accord with the public policy that favors resolution of an action on its merits rather than a summary judicial determination made as a penalty for improvidence or inadvertence. Goodrich-Amram 2d §4014(d)(3).

Absent any actual prejudice shown by plaintiffs, we grant defendant's petition for withdrawal of admissions.

Defendant's next contention is that it is entitled to judgment on the pleadings pursuant to Pa.R.C.P. 1034. A motion for judgment on the pleadings may be granted in cases which are so free from doubt that a trial would clearly be a fruitless exercise. *Gallo v. J.C. Penney Casualty Insurance Co.,* 328 Pa. Super. 267, 476 A.2d 1322 (1984). In ruling on defendant's motion, we must consider as true all well-pleaded averments of plaintiffs and consider against them only those facts which they specifically admit. *Id.*

We note that defendant's present motion is limited exclusively to the pleadings themselves and therefore no outside material will be considered.

*Harvey v. Hansen,* 299 Pa. Super. 474, 445 A.2d 1228 (1982).

Based on our review of the pleadings in this matter, we are convinced that the relief sought by defendant in its present motion should be granted.

At the outset we recognize that plaintiffs' claim for relief in this suit is contractual, based on the accidental death benefit provisions contained in the insurance policy issued by defendant. Because the subject insurance policy is a contract, interpretation of its terms should be made in light of the apparent object and intent of the parties. *O'Donnell v. Independence Life & Accident Insurance Co.,* 229 Pa. Super. 259, 323 A.2d 387 (1974). However, where the words of a written contract are clear and unambiguous, intent of the parties must be determined by the agreement itself. *Kennedy v. Erkman,* 389 Pa. 651, 133 A.2d 550 (1957).

Thus, whether the accidental death benefit of the policy affords coverage to the unborn fetus of Mrs. Reiman depends upon the object and intent of the contracting parties. With that in mind, we look initially to the specific language of the agreement.

The automobile insurance policy issued by defendant in this case defines "insured" as:

"(A) if a resident of *your* household (even if temporarily residing elsewhere):

"(1) *your* spouse:

"(2) other relatives; or

"(3) a minor in *your* custody or in the custody of *your* relative;

"(B) any individual specifically named in the policy as an insured." (emphasis in original)

The plain meaning of the contractual terms used in the subject policy is clear and unambiguous. The insurance policy extended accidental death benefit coverage to relatives and minors residing in the

household. The policy cannot reasonably be interpreted to afford coverage to the unborn fetus of Mrs. Reiman. Rather, the specific language must be construed to include only adult relatives and minors in the insured's custody.

A minor is a person between birth and age 18. Similarly, the term "custody" in the context of the policy provision refers to the care and control of a person after birth and until his or her 18th birthday. These concepts do not include the unborn. Otherwise stated, a fetus is not in the "custody" of its mother or father in the normal usage of that term. Hence, the contracting parties cannot be presumed to have given either the term "custody" or "minor" such unusual and uncommon meanings.

Our determination regarding the plain meaning of the policy language results in a narrow holding based strictly on principles of contract interpretation. We recognize that under general tort principles of Pennsylvania law, as annunciated by our Supreme Court, a fetus is considered a human life from the moment of conception, and is afforded appropriate protection pursuant to those principles. *Amadio v. Levin,* 509 Pa. 199, 501 A.2d 1085 (1985). Moreover, we note that the standard for determining whether an unborn fetus can properly assert a claim in wrongful death and survival actions is based on viability. *Coveleski v. Bubnis,* 391 Pa. Super. 409, 571 A.2d 433 (1990). However, our research indicates that no such interpretation is required or even suggested under Pennsylvania contract law.

Given the ruling in *Amadio, supra,* we assume that an insurance company and its insured could contract for the protection of an unborn fetus. We determine in this case, based upon the clear lan-

guage of the subject policy, that such an arrangement was not undertaken by the contracting parties.

As a result, while parents and third parties have certain recognized tort responsibilities with respect to a fetus, an insurance company contracting for first-party benefits will not be deemed to be required to afford coverage to an unborn fetus of its insured, unless such insurance coverage is specifically provided by the plain language of such a policy.

Thus we deem it proper to grant the motion of defendant for judgment on the pleadings.

Wherefore, we enter the following

### ORDER

And now, June 22, 1990, defendant's petition for withdrawal of admissions is granted. Also, the motion of defendant for judgment on the pleadings is granted.