## Florists' Mutual Insurance Co. v. Uniontown Hospital

*Gretchen J. Fitzer,* for plaintiff.

*Susan M. Key,* for additional defendant Joseph Eshelman, M.D.

*Bernard J. Rabik,* for defendant Uniontown Hospital.

*Deborah D. Olszewski,* for defendants Honorio G. Pineda, M.D. and Pineda Surgical Associates, P.C.

FRANKS, *J.,* August 6, 1991—The issues before us arise from defendants' motions for judgment on the pleadings. After oral argument, review of the facts, applicable law, and briefs submitted by counsel, we deny defendants' motions.

## BACKGROUND

Weldon Franks, in the course of his employment with Oglevee Floral Company Inc., ingested sodium

hydroxide (lye) on December 6, 1986. Upon arrival at Uniontown Hospital he was treated by Dr. Honorio G. Pineda and others. He was subsequently admitted to the hospital where he was treated as an inpatient until December 11, 1986. Part of Franks' treatment included an endoscopy performed by Dr. Pineda on December 7, 1986. A second endoscopy was performed on December 19, 1986, by the same physician. It is alleged that this second endoscopy was negligently performed in that Franks' esophagus was perforated during the procedure, causing serious injury to Franks.

Because of Franks' injury, he has been receiving workmen's compensation benefits from his employer's workmen's compensation carrier for his lost wages and medical bills. To date, Florists' Mutual Insurance Company has paid in excess of $500,000 to, and on behalf of, Franks.

Neither Franks nor his guardian has filed suit against the treating physicians or against Uniontown Hospital for the alleged negligently performed endoscopy and follow-up treatment. Apparently, no suit will be filed by them. In an effort to recoup some of its losses, Florists' has asserted its subrogation rights pursuant to the Workmen's Compensation Act and has instituted a derivative suit on Franks' behalf against Dr. Pineda, Pineda Surgical Associates, P.C., and Uniontown Hospital. Uniontown Hospital then joined as an additional defendant, Dr. Joseph Eshelman.

When the pleadings were closed, defendants filed motions for a judgment on the pleadings arguing that Florists' has failed to assert a valid cause of action in its own right or on behalf of Franks. All motions have been consolidated for disposition.

## DISCUSSION

Florists' brings this derivative action asserting its subrogation rights pursuant to 77 P.S. §671. This section permits the workmen's compensation carrier to be subrogated to the rights of the employee when benefits have been paid to or for the employee as a result of the negligence of a third-party tortfeasor. All parties are in agreement that Florists' is automatically subrogated to Franks' rights, should Franks recover damages from the doctors or the hospital. However, Franks and his guardian have foregone suit against Dr. Pineda and Uniontown Hospital. Because Franks has not filed suit on his own behalf, defendants argue that Florists' is unable to bring or maintain a cause of action under 77 P.S. §671, thus warranting a judgment on the pleadings.

A judgment on the pleadings will be granted in only those cases which are free from doubt after having accepted as true all well-pleaded facts. *Gallo v. J.C. Penney Cas. Ins. Co.,* 328 Pa. Super. 267, 476 A.2d 1322 (1984). Applying this standard to the facts before us, we refuse to grant defendants' motions.

Neither the research of counsel nor our research has discovered any Pennsylvania appellate court case addressing the issue presented us. We do, however, have a decision by the Common Pleas Court of Lebanon County, Pennsylvania. In *Nationwide Ins. Co., a subrogee of Springfield Floor Covering and Eric Schnelzka v. Rigid Ply Rafters Inc.,* 27 Lebanon Leg. J. 89 (1989), defendant's preliminary objections were denied when the court ruled that plaintiff could bring and maintain a cause of action.

Defendant in *Nationwide* argued, as do defendants in the instant case, that plaintiff's cause of action for subrogation of workmen's compensation

benefits must fail because the injured employee did not commence an action against the negligent third-party tortfeasor. Defendant further contended that the employer's or insurer's right to subrogation arises only when there is a recovery of damages by the injured employee. Without a fund, the employer or insurer has no subrogation rights.

After reviewing the statute and analyzing the relevant caselaw, the court in *Nationwide* ruled that the employer or insurer properly may bring an action on behalf of the injured employee, notwithstanding the fact that the employee chose not to pursue his right of recovery. We recognize that the decision of the Court of Common Pleas of Lebanon County is not binding upon us, but we find it to be enlightening and persuasive. This is particularly true considering that no Pennsylvania appellate court has addressed this specific issue.

Furthermore, we believe our decision, and that of the Lebanon County Common Pleas Court, make for sound policy. If we would grant defendants' motions, and not permit Florists' to continue the suit, then Florists' would have no other recourse to collect from the negligent, responsible third party the workmen's compensation benefits paid to, and on behalf of, Franks. In the interests of justice and common sense, the workmen's compensation carrier must have a remedy against third-party tortfeasors who injure an insured employee, and cause the carrier to pay benefits.

Wherefore, we enter the following

## ORDER

And now, August 6, 1991, it is hereby ordered and directed that all defendants' motions for judgment on the pleadings are denied.