574 A.2d 109

**Robert H. GOLDSTEIN, Appellee,**

v.

**Jack W. BLUMENFELD and Alan Feingold, Appellants.**

Superior Court of Pennsylvania.

Submitted Feb. 5, 1990.

Filed May 16, 1990.

264

Leslie Weisse, Philadelphia, for appellants.

Peter S. Friedman, Jenkintown, for appellee.

Before KELLY, POPOVICH and CERCONE, JJ.

KELLY, Judge:

This is an appeal from an order denying appellant's petition to Open and/or Strike a Judgment entered by Confession, on the grounds of *res judicata*. We reverse and remand.

Appellant had previously filed a similar petition to Open and/or Strike the Judgment by Confession, which was "denied" by the trial court by order dated March 27, 1989. However, the trial court inscribed on the face of its typed

order form an apparently contradictory handwritten direction that "Plaintiff shall file a new assessment of Damages."

 Because of confusion created by the ambiguity in the trial court's initial ruling, appellants filed another Petition to Open and/or Strike the confessed judgment after appellee submitted an updated assessment of damages which included interest accrued to that point, rather than taking a direct appeal from that order. The second petition was denied on *res judicata* grounds.

We find that the handwritten emendation of the printed form must be construed as having *opened* the judgment for the limited purpose of re-assessing damages. When written and printed portions of the same document are repugnant, printed clauses yield to written clauses, as the written clause presumably evinces the deliberate expression of the parties true intent. *Cf. Woylek v. Benjamin Coal Co.*, 300 Pa.Super. 397, 402–03, 446 A.2d 914, 916 (1982). Consequently, we find that the emendation effectively opened the prior judgment, and that the trial court erred in denying the second petition on *res judicata* grounds. We therefore vacate the order denying the second petition.

On remand, the trial court is in no way barred from denying the petition upon the same grounds it intended to deny the first petition. If it does so, appellant may then appeal such an order to this Court, and thereby place the parties in precisely the same position the parties would have been, but for the problematic handwritten emendation of the original order which purported to deny the petition to open, while permitting a reassessment of damages.

Order vacated. Case remanded. Jurisdiction relinquished.

CERCONE, J., concurs in the result.