632 A.2d 1342

Megan FLATLEY, A Minor, By Kevin FLATLEY
and Kathleen Flatley, His Wife, As Guardians
and In Their Own Right, Appellants,

v.

David PENMAN, D/B/A Odyssey Builders,
Individually and Jointly,

v.

Edward KERN, R.A. and Mark Randolph,
I/A/T/D/B/A Mark Randolph Masonry.

Superior Court of Pennsylvania.

Argued July 21, 1993.

Filed Oct. 26, 1993.

518

Kevin W. Barron, Erie, for appellants.

Mark E. Mioduszewski, Erie, for Penman, appellee.

James R. Fryling, Erie, for Randolph, appellee.

Before CAVANAUGH, BECK and CERCONE, JJ.

BECK, Judge:

In this appeal we address the scope of a release on nonsettling tortfeasors where one of three tortfeasors settles with the plaintiff.

Appellants Kevin and Kathleen Flatley appeal on behalf of their minor daughter Megan (the Flatleys) from Judgment on the Pleadings, in favor of appellees, David Penman, d/b/a Odyssey Builders, and Mark Randolph, i/a/t/d/b/a Mark Randolph Masonry. The case arises from injuries sustained by Megan when a privacy wall in a bathroom at her high school collapsed. Megan suffered a fractured leg and a crushed thumb. We reverse and remand.

On October 16, 1991, the Flatleys filed suit against the builder David Penman (Penman), who then joined the architect Edward Kern (Kern) and the masonry contractor Mark Randolph (Randolph) as additional defendants. On October 28, 1991, twelve days after initiating the suit, the Flatleys released Kern, the wall's designer, in return for $12,500.00 based on negotiations solely between the Flatleys and Kern. The settlement was approved by the Orphan's Court Division of the Court of Common Pleas of Erie County on December 12, 1991, as a partial settlement.

The Flatleys then filed an amended complaint against the remaining defendants, Penman and Randolph, who had not taken part in the settlement and tendered no consideration to receive its benefits. In their new matter appellees contended that the release negotiated between the Flatleys and Kern, by virtue of its inclusive language, inured to the benefit of all potential tortfeasors. Pursuant to Pa.R.C.P. 1034, 42 Pa. Cons.Stat.Ann., appellees filed motions for Judgment on the Pleadings, which were granted.

A trial court may grant a motion for Judgment on the Pleadings only in those cases which are so free from doubt that a trial would be a fruitless waste of resources. *Karns v. Tony Vitale Fireworks Corp.*, 436 Pa. 181, 259 A.2d 687 (1969); *Gallo v. J.C. Penney Casualty Insurance Co.*, 328 Pa.Super. 267, 476 A.2d 1322 (1984). This may often be the case when

the dispute will turn on the construction of a written agreement. *DiAndrea v. Reliance Savings and Loan Association,* 310 Pa.Super. 537, 456 A.2d 1066 (1983). Upon review, the appellate court must affirm only in those cases which are clear and free from doubt. *Zelik v. Daily News Publishing Co.,* 288 Pa.Super. 277, 431 A.2d 1046 (1981). We must reverse if the action was based on a clear error of law or if there were facts disclosed by the pleadings which should be resolved by the jury. *DiAndrea,* 310 Pa.Super. 537, 456 A.2d 1066.

 "A valid release of one tortfeasor from liability for a harm, given by the injured person, does not discharge others liable for the same harm, unless it is agreed that it will discharge them." Restatement (Second) of Torts § 885(1). 42 Pa.Cons.Stat.Ann. § 8326 (1982) goes on to state:

A release by the injured person of one joint tort-feasor, whether before or after judgment, does not discharge the other tort-feasors unless the release so provides, but reduces the claim against the other tort-feasors in the amount of consideration paid for the release or in any amount or proportion by which the release provides the total claim shall be reduced if greater than the consideration paid.

As the Restatement and the statute contemplate, when construing the effect and scope of a release, the court, as it does with all other contracts, must try to give effect to the intentions of the parties. *Sparler v. Fireman's Insurance Company of Newark, New Jersey,* 360 Pa.Super. 597, 521 A.2d 433 (1987) (en banc); *Hower v. Whitmak Associates,* 371 Pa.Super. 443, 538 A.2d 524 (1988). Yet, the primary source of the court's understanding of the parties' intent must be the document itself. *Vogel v. Berkley,* 354 Pa.Super. 291, 511 A.2d 878 (1986). Thus, what a party now claims to have intended is not as important as the intent that we glean from a reading of the document itself. The parties' intent at the time of signing as embodied in the ordinary meaning of the words of the document is our primary concern. *Steuart v. McChesney,* 498 Pa. 45, 444 A.2d 659 (1982).

■ This case does not involve a dispute over the law of this state regarding the effect of releases or the general rules of contract construction. Instead, the parties disagree as to how the document in question, or at least a few clauses in the document, should be read in light of the generally accepted rules of contract interpretation. The dispute revolves primarily around the following clause:

> "[I]n **full satisfaction and payment of all such sum or sums of money owing, payable and belonging to** Megan Flatley **by any means whatsoever, for or on account of** [her injuries from the accident]." (paragraph 1) [1]

Appellees claim that this language demonstrates that the release inured to their benefit as well as the benefit of Kern. We disagree.

Appellees contention that the language quoted above was meant to include them completely ignores other clauses in the same document. In the very next paragraph the release states that appellants, "**by these presents remise, release, quit-claim and forever discharge the said** Edward A. Kern, his **heirs, executors and administrators** ..." (paragraph 2). Appellees can not reasonably argue that this clause contemplates a general release of all possible defendants. There is only one reasonable construction of the clause in paragraph two and it is consistent with a narrow reading of the preceding clause, whereas a broad interpretation of the preceding clause would give the document an inconsistency which is contrary to basic rules of contract interpretation.

■ Clauses in a contract should not be read as independent agreements thrown together without any consideration of their combined effect. Indeed, the document is best read as a whole, wherein clauses seemingly in conflict are construed, if possible, as consistent with one another. *In re Binenstock's Trust*, 410 Pa. 425, 190 A.2d 288 (1963). Terms in one section of the contract should not be interpreted in a manner which nullifies other terms. If we were to agree with appellees'

---

1. Emphasis added to preprinted words from a form contract with the heading "General Release." Words not emphasized were typewritten onto the form contract.

interpretation of the clause in paragraph one, then it would have been illogical for appellants, when drafting the subsequent clause, to have only discharged Kern.

This conclusion does not give us a result contrary to the rule stated in *Buttermore v. Aliquippa Hospital,* 522 Pa. 325, 561 A.2d 733 (1989), because the terms of the release in that case contain important differences. In *Buttermore,* the disputed clause read as follows:

> "[Plaintiffs] hereby remise, release, acquit and forever discharge Frances Moser, et al ... *and any and all other persons, associations, and/or corporations,* whether known or unknown, suspected or unsuspected, past, present and future claims, demands, actions, third party actions, causes of action, or suits at law or in equity, indemnity of whatever nature, for or because of any matter or thing done, omitted or suffered to be done, on or account of or arising from damage to property, bodily injury or death resulting from [the accident]."

*Id.* at 327–328, 561 A.2d at 734 (emphasis added). This clause from *Buttermore* unquestionably is the functional equivalent to the clause in paragraph two which discharges Kern. They are both meant to identify all parties who might be affected by the contract. In the present case Kern is the only party named, whereas the injured party in *Buttermore* added "and all other persons," etc. The language in *Buttermore* is markedly different from the language in the present case. Appellees are correct in stating that *Buttermore* allows parties not specifically mentioned to benefit from the release. However, there must be a clear showing that other parties were somehow contemplated. Appellees' reading of the release is much too expansive. Such a reading would render the discharging clause in paragraph two either superfluous or inexplicably inconsistent. Neither can be reconciled with basic rules on contract interpretation, which seek to give meaning to all terms while maintaining an internally consistent document.

However, disputes may sometimes arise over form contracts which include typed or handwritten terms. Often, parties negotiate and write or type terms onto the form

contract which are in direct conflict with the preprinted terms. When a contract contains either hand or typewritten terms which are in conflict with the preprinted terms, the preprinted terms must always yield to the other terms because the hand or typewritten term presumably evinces the deliberate expression of the parties' true intent. *Goldstein v. Blumenfeld*, 393 Pa.Super. 263, 574 A.2d 109 (1990).

This sound interpretive policy is meant to protect parties from being bound by terms which were not a basis of the bargain. Thus, were we to conclude that the preprinted clause, "by any means whatsoever," was in direct conflict with the typed clause solely discharging Kern, appellees would still find no relief. The clause in paragraph one is a preprinted term in direct conflict with a typewritten term in paragraph two.

Thus, we can not agree with the trial court that the contract released the appellees as well as appellant.

Order reversed. Case remanded for further proceedings. Jurisdiction relinquished.