**SOUTH BUTLER COUNTY SCHOOL DISTRICT**

v.

**SOUTH BUTLER COUNTY EDUCATIONAL SUPPORT PERSONNEL ASSOCIATION, PSEA/NEA, Appellant.**

Commonwealth Court of Pennsylvania.

Argued June 5, 1997.

Decided July 11, 1997.

---

Robert J. Abraham, Pittsburgh, for appellant.

Thomas J. May, Butler, for appellee.

Before McGINLEY and KELLEY, JJ., and RODGERS, Senior Judge.

RODGERS, Senior Judge.

The South Butler County Educational Support Personnel Association (Association or Union) appeals from an order of the Court of Common Pleas of Butler County (trial court) that vacated an arbitrator's award and granted the petition of the South Butler County School District (District) for partial review and/or partial vacation or modification of the arbitration award. We affirm.

On May 19, 1995, the District posted a notice of vacancy to fill an elementary library aide position. Among the applicants were two bargaining unit members, Cathy Davis and Penny Forsythe (Grievant), and one non-union applicant, Deborah Rowe. The District offered the job to Cathy Davis who rejected the offer. Although the District found Grievant to be qualified, the District next offered the position to Deborah Rowe, who the District considered to be *more* qualified than Grievant.

The Association grieved the District's action under the collective bargaining agreement (CBA or agreement) contending that the District was obligated to fill the vacancy with a qualified bargaining unit applicant instead of an outside applicant. The Association also grieved the wages that were attached to the position, arguing that Grievant should continue to receive the same amount of pay as she had received in her prior position. The District denied the grievance believing it had discretion under the CBA to grant or deny a request for transfer.

The dispute proceeded to arbitration and the arbitrator sustained the grievance in part, finding that Grievant was entitled to the position, but he denied the grievance as to the retention of Grievant's current wages. The arbitrator ordered the District to award the position to Grievant and the District appealed to the trial court. The trial court vacated the arbitrator's decision, holding that nothing in the agreement established that it was the intent of the parties that the terms of the agreement apply to non-members of the bargaining unit. The trial court relied in part on Article XVIII of the CBA which provides that the rights reserved to management include the rights of hiring and concluded that the District had not contracted away its right to evaluate applicants and to employ persons that it has rated as best qualified. The trial court found that the arbitrator's interpretation did not draw its essence from the agreement.

The Association now appeals to this Court and raises the following issue: whether the trial court erred in holding that the arbitra-

tor's award fails to draw its essence from the CBA.[1]

The scope of review of an arbitrator's decision is the essence test under which the arbitrator's decision cannot be overturned if it draws its essence from the CBA. *Leechburg Area School District v. Dale*, 492 Pa. 515, 424 A.2d 1309 (1981). We are limited to determining whether the arbitrator's decision can, in any rational way, be derived from the collective bargaining agreement viewed in light of its language, its context, and other indicia of the parties' intent. *Community College of Beaver County v. Community College of Beaver County, Society of the Faculty*, 473 Pa. 576, 375 A.2d 1267 (1977). "[O]nly where there is a manifest disregard of the agreement, totally unsupported by principles of contract construction ... may a reviewing court disturb the award." *Teamsters Local Union No. 77 v. Pennsylvania Turnpike Commission*, 17 Pa.Cmwlth. 238, 331 A.2d 588, 590 (1975) (quoting *Ludwig Honold Manufacturing Co. v. Fletcher*, 405 F.2d 1123, 1128 (3rd Cir.1969)).

The arbitrator framed the issue as whether the District violated Article XVI of the CBA when it offered the library aide position to a non-bargaining unit employee rather than a bargaining unit employee on the basis that the non-bargaining unit employee was better qualified. The arbitrator also set forth specific sections of the CBA, including Article XVIII, the management rights section, which reserves to management the right of hiring. Article XVIII states:

> The District has the exclusive right to manage, control, and conduct its affairs. The direction of the work force, except as certain terms and conditions of employment are expressly provided for in this Agreement, shall be vested in the Board of School Directors and in the Superintendent. Without in any way limiting the generality of the foregoing, the parties understand that rights reserved to management include the *rights of hiring, deter-*

mining work load, and distribution of work force; evaluation and discipline of the work force; and the establishment of reasonable rules and regulations governing the work force which are not inconsistent with this Agreement. (Emphasis added.)

(R.R. 44a.) The arbitrator also cited Article XVI A and B, entitled Other Conditions of Employment. These two subsections state:

> A. *Request for Transfer*
>
> A request for transfer shall be made in writing indicating the transfer desired. Such requests represent consent to transfer and may be acted upon without further consultation with the employee. The Superintendent will give consideration to the preference, but may deny transfer, if, in his opinion, it is in the best interest of the District. Prior notification will be given an employee if a request for *transfer or vacancy* is approved or disapproved.
>
> B. *Vacancies*
>
> Whenever a vacancy arises, the Superintendent or his designated representative shall post notice of the same for no less than seven (7) working days before the position is filled, and notify the Association. *Consideration in filling vacancy shall have preference on the basis of experience, competency, and seniority.* Any new position shall be posted with the accompanying job description, qualifications, and salary.

(R.R. 37a–38a.)(Emphasis added.)

The arbitrator determined that because the position was a vacancy, subsection B controlled. The arbitrator then centered his discussion on the following language: "Consideration in filling vacancies shall have preference on the basis of experience, competency, and seniority." The arbitrator, finding this language "obtuse," rewrote this language as follows: "Consideration in filling vacancy shall be given to bargaining unit applicants who have preference on the basis of experience, competency and seniority" (R.R. 52a) and determined that the parties intended

---

1. The Association also objected to the trial court's statement that the CBA may be invalid under Pennsylvania law governing school districts. We believe that this statement is superfluous to the trial court's decision, which clearly explained its basis for vacating the award. This statement does not in anyway impact the decision by the trial court and does not alter the result here.

that a qualified bargaining unit employee should have an advantage over a non-bargaining unit applicant.

The Association argues that the trial court incorrectly substituted its own interpretation of the agreement for that of the arbitrator, relying on *Pennsylvania Turnpike Commission v. Teamsters Local Union No. 250*, 162 Pa.Cmwlth. 633, 639 A.2d 968, 972 (1994), *appeal discontinued*, 544 Pa. 650, 664 A.2d 977 (1995), wherein the court stated that "[a] reviewing court may disturb the award only where there is a manifest disregard of the agreement, completely unsupported by principles of contract construction."

In response, the District points out that when a provision of the contract is ambiguous that portion should be interpreted so as not to conflict with other portions of the contract. *Flatley v. Penman*, 429 Pa.Superior Ct. 517, 632 A.2d 1342 (1993), *appeal denied*, 537 Pa. 620, 641 A.2d 586 (1994). The District contends that the arbitrator's interpretation of Article XVI B conflicts with the provisions of both Article XVIII (management rights) and Article XVI A (approval/disapproval of requests for *transfer or vacancy*).

Under subsection A of Article XVI, the superintendent must provide prior notification to an employee when the employee's request for *transfer* or *vacancy* is approved or disapproved. However, under the arbitrator's interpretation of Article XVI B, the superintendent *must* hire a bargaining unit member who applies for a vacancy. Accordingly, the arbitrator's interpretation eliminates the discretion given to the superintendent in Article XVI A as well as in Article XVIII.[2]

■ The contradiction among clauses of the CBA can be reconciled if the ambiguous sentence refers only to a choice between two bargaining unit members, but does not apply when one of the applicants is a non-bargaining unit member. Moreover, even as rewritten by the arbitrator, the word "consideration" in subsection B is not a mandatory term, but implies a weighing of attributes, i.e., discretion.

Because the arbitrator's interpretation results in a conflict among the agreement's terms, appears to disregard the intent of the parties and is, thus, unsupported by principles of contract construction, we conclude it does not draw its essence from the agreement. The District's interpretation takes into consideration the various sections of the agreement and does not reduce any section to surplusage.

Accordingly, we conclude that the trial court correctly vacated the arbitrator's decision. The trial court's order is affirmed.

### ORDER

NOW, July 11, 1997, the order of the Court of Common Pleas of Butler County at No. 96–40157, dated September 9, 1996, is affirmed.

---

2. Moreover, the arbitrator's determination that transfers occur only when two employees request a switching of positions is an unreasonable one. A request for transfer by one employee to a vacant position is not so unusual that the parties would not have contemplated such a scenario.

In fact, the language in both subsections A and B implies that a transfer by one employee to a vacant position was envisioned.