Everett BROWN, Appellant,

v.

Larry W. COOKE, Individually and Larry W. Cooke, James R. Allison a/k/a Bob Allison, Dennis H. Seigfrid and Frank R. Golab, Jr., Partners, t/d/b/a Bob's Deals On Wheels Auto Sales, a Partnership, Appellees.

Superior Court of Pennsylvania.

Argued Dec. 2, 1997.
Filed Feb. 24, 1998.

Dusan Bratic, Dillsburg, for appellant.

James G. Nealon, III, Harrisburg, for appellees.

Before McEWEN, President Judge, and POPOVICH and HESTER, JJ.

POPOVICH, Judge.

This is an appeal from the judgment of the Court of Common Pleas of York County, entered on February 27, 1997. Wherein, appellant complains that the lower court erred when it granted judgment on the pleadings. Appellant disputes the lower court's determination that he executed a general release which did not reserve his "right to proceed against any claim or claims that may be covered by and through a policy with Allstate Insurance Company ... which was issued to LARY W. COOKE." Upon review, we are convinced that the lower court erred when it granted judgment on the pleadings on the grounds that appellant had executed a general release in this action. Accordingly, we affirm in part, reverse in part and remand for further proceedings in accordance with this opinion.

In his complaint, appellant alleged he was injured when the van in which he was a passenger was struck by a vehicle operated negligently by Larry Cooke. Appellant further alleged the vehicle operated by Cooke was owned by Bob's Deals on Wheels Auto Sales, and that Cooke was operating the vehicle in course of his business. Appellant also alleged that Cooke was a partner in the auto dealership.

In August of 1994, appellant received $279,-481.97 from the Travelers Insurance Company in consideration for executing the release at issue. Travelers had issued the primary automobile insurance policy to Larry Cooke which was in effect at the time of the accident. Larry Cooke also maintained an insurance policy with Allstate Insurance Company which provided for excess coverage and which was also in effect at the time of the accident.

Sometime after executing the release, appellant presented a claim to Allstate for excess coverage. Appellees then filed a motion for judgment on the pleadings which alleged that appellant had executed a general release of all parties. Although appellees acknowledged in their motion that appellant had preserved a direct action against Allstate, appellees argued that no such cause of action is recognized in Pennsylvania. Appellant argued that the release did not relinquish all claims against all defendants, but rather was intended to release all claims, *except those claims against Larry Cooke which were covered by the Allstate policy.*

Upon review of the release, the lower court concluded that appellant had executed a general release of all claims against all parties. The lower court found that the release in question specifically relinquished all claims against Larry Cooke, individually, and retained only direct claims against Allstate. The court reasoned that appellant's cause of action must fail since he specifically released all claims against Larry Cooke, and a direct cause of action against Allstate is not recognized in Pennsylvania. Trial Court Opinion, pp. 3–4. The court further found that appellant's cause of action cannot proceed because the release effectively resolved the present action by requiring appellant to mark his cause of action as discontinued, settled and withdrawn. Trial Court Opinion, p. 4.

In the case of *Flatley by Flatley v. Penman*, 429 Pa.Super. 517, 632 A.2d 1342 (1993), we set forth the law applicable to this case as follows:

A trial court may grant a motion for Judgment on the Pleadings only in those cases which are so free from doubt that a trial would be a fruitless waste of resources. *Karns v. Tony Vitale Fireworks Corp.*, 436 Pa. 181, 259 A.2d 687 (1969); *Gallo v. J.C. Penney Casualty Insurance Co.*, 328 Pa.Super. 267, 476 A.2d 1322 (1984). This may often be the case when the dispute will turn on the construction of a written agreement. *DiAndrea v. Reliance Savings and Loan Association*, 310 Pa.Super. 537, 456 A.2d 1066 (1983). Upon review, the appellate court must affirm only in those cases which are clear and free from doubt. *Zelik v. Daily News Publishing Co.*, 288 Pa.Super. 277, 431 A.2d 1046 (1981). We must reverse if the action was based on a clear error of law or if there were facts disclosed by the plead-

ings which should be resolved by the jury. *DiAndrea,* 310 Pa.Super. 537, 456 A.2d 1066.

... [W]hen construing the effect and scope of a release, the court, as it does with all other contracts, must try to give effect to the intentions of the parties. *Sparler v. Fireman's Insurance Company of Newark, New Jersey,* 360 Pa.Super. 597, 521 A.2d 433 (1987) (en banc); *Hower v. Whitmak Associates,* 371 Pa.Super. 443, 538 A.2d 524 (1988). Yet, the primary source of the court's understanding of the parties' intent must be the document itself. *Vogel v. Berkley,* 354 Pa.Super. 291, 511 A.2d 878 (1986). Thus, what a party now claims to have intended is not as important as the intent that we glean from a reading of the document itself. The parties' intent at the time of signing as embodied in the ordinary meaning of the words of the document is our primary concern. *Steuart v. McChesney,* 498 Pa. 45, 444 A.2d 659 (1982).

*Flatley by Flatley,* 632 A.2d at 1343–1344.

Presently, the parties disagree in regard to how the various clauses of the release in question should be interpreted. The dispute revolves around the following three clauses:

FOR AND IN CONSIDERATION OF the payment to EVERETT BROWN of the sum of $279,481.97 DOLLARS, ..., I, being of lawful age, have released and discharged ... unequivocally the TRAVELERS INSURANCE COMPANY. I also acquit and forever discharge LARRY W. COOKE, Individually, JAMES R. ALLISON a/k/a BOB ALLISON, DENNIS SEIGFRID and FRANK R. GOLAB, JR., Individually and as Partners, t/d/b/a BOB'S DEALS ON WHEELS AUTO SALES, a Partnership, from any and all past, present and future actions, cause of action, claims, demands, damages, medical payment, cost, loss of services, insurance benefits, expenses, compensation, third party actions suits at law or in equity, including claims or suits for contribution and/or indemnity, of whatever nature, and all consequential damage on account of, or in any way growing out of any and all known and unknown personal injuries

and/or property damage resulting or to result from the alleged accident that occurred on or about the first day of March, 1990, as set forth herein. (Paragraph 1) This General Release is not intended to extinguish Everett Brown's right to proceed against any claim or claims that may be covered by and through a policy with Allstate Insurance Company which policy number is believed to be 055567548 under claim number 17016–7739–3 B14 which was issued to LARRY W. COOKE. It is understood that this Release is not intended to release claims for benefits under Underinsured Motorists policies available from other carriers or any claim for Workmen's Compensation. (Paragraph 2)

It is understood and agreed that this General Release is executed in connection with the settlement of the claims of the undersigned as set forth in Civil Action entered to No. 92 SU 00821–01 in the Court of Common Pleas of York County, Pennsylvania, which action will be marked as discontinued, settled and withdrawn at no cost to Releasee's (sic). (Paragraph 5)

Upon review, we must reject as unreasonable the lower court's interpretation of the release which found that appellant intended to release all claims against Larry W. Cooke. Given the specific reservation set forth in the second paragraph of the release, we conclude that the contract cannot be interpreted as a general release of all claims against all defendants.

As we stated in *Flatley by Flatley,* 632 A.2d at 1344:

Clauses in a contract should not be read as independent agreements thrown together without any consideration of their combined effect. Indeed, the document is best read as a whole, wherein clauses seemingly in conflict are construed, if possible, as consistent with one another. *In re Binenstock's Trust,* 410 Pa. 425, 190 A.2d 288 (1963). Terms in one section of the contract should not be interpreted in a manner which nullifies other terms.

Presently, the lower court interpreted the contract to act as a general release. However, we believe that the lower court's reading

**234**

of the release is too expansive. We are convinced that the lower court's interpretation would render the reservation clause superfluous because, as all parties agree, no direct claim against Allstate ever existed or could exist.

While the clause reserving a cause of action against Larry W. Cooke may be inartfully drafted, we are convinced that the intent of the parties is clear from "a reading of the document itself." The parties intended to permit appellant to pursue his cause of action against Larry W. Cooke to the extent that Cooke's actions were covered by the excess insurance policy issued to Cooke by Allstate. Only this interpretation of the release gives meaning to all the terms of the contract and maintains an internally consistent document.

Our decision today is supported by our decision in *Flatley by Flatley, supra.* Therein, the plaintiff had executed a general release. One clause of the contract acknowledged she accepted the settlement "in full satisfaction and payment of all such sum or sums of money owing, payable and belonging to [the plaintiff] by any means whatsoever, for or on account of [her injuries from the accident]." The lower court interpreted this clause as releasing all claims against all defendants. However, we rejected this decision as "*inexplicably inconsistent*" with a subsequent clause of the contract which provided that "by these presents remise, release, quitclaim and forever discharge the said Edward A. Kern ... ". *Id.*, at 1344–1345.

If the parties had actually intended the first clause to release all claims against all defendants, it would have been illogical for the parties to have included the second clause in the contract which limited the release to one specific defendant. *Flatley by Flatley*, 632 A.2d at 1344. Likewise, in the present case, we find that if it had been the parties' intention for the contract to operate as a general release of all claims against all defendants, then it would have been illogical for the parties, when drafting the agreement,

to have reserved specifically appellant's right to pursue any and all claims which may be covered by the Allstate insurance policy issued to Larry W. Cooke. Without a direct action against Larry W. Cooke, individually, this reservation clause has no meaning.

In sum, we find that the release in question operated to extinguish all claims against all defendants *except* those claims against Larry W. Cooke which may be covered by the excess insurance policy issued to Cooke by Allstate Insurance Company. Accordingly, we reverse the decision of the court below to the extent that it dismissed appellant's claims against Larry W. Cooke, and we affirm the lower court's judgment with regard to all other claims against all other defendants.[1] Thus, we now remand this case for further proceedings in accordance with the provisions of this opinion.

Judgment affirmed in part and reversed in part. Case remanded for proceedings consistent with this opinion. Jurisdiction relinquished.

---

1. We further interpret the clause which requires appellant to discontinue his cause of action to apply only to those claims which the parties actually intended to be released, i.e., all claims *except* those against Larry W. Cooke, individually, which the Allstate insurance policy may cover. Such an interpretation is consistent with the remainder of the release and gives effect to all of the contract's terms.