J. A16024/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

RICHARD C. FOSTER, II : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
RENEE F. DICKSON, : No. 1553 WDA 2016
:
Appellant :


Appeal from the Order, September 12, 2016,
in the Court of Common Pleas of Washington County
Civil Division at No. 2015-8135


BEFORE: STABILE, J., FORD ELLIOTT, P.J.E., AND STRASSBURGER, J.*


MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED OCTOBER 18, 2017**

Renee F. Dickson ("Dickson") appeals the September 12, 2016 order of the Court of Common Pleas of Washington County that granted the motion for judgment on the pleadings filed by Richard C. Foster, II ("Foster"), and denied Dickson's motion for judgment on the pleadings. The trial court further ordered that 50 percent of the funds received for the second pipeline (and any additional pipeline) should be paid to Foster. After careful review, we affirm.

The trial court provided the following background information regarding this dispute:

> Plaintiff is Richard C. Foster, II and Defendant is his sister, Renee F. Dickson. Their parents are Richard C. Foster and Ermalee Foster, who once

---

* Retired Senior Judge assigned to the Superior Court.

owned several tracts of land in Hopewell and Buffalo Townships. On May 21, 2012 the elder Fosters entered into a right of way agreement with MarkWest Liberty Midstream & Resources, LLC. By the terms of this agreement, the grantors conveyed to the grantee a right of way and easement along a specified route "to . . . install . . . one or more pipelines for the gathering and transportation of gas. . .". At the same time, the parties to the right of way agreement entered into a Confidential Addendum, which specified the consideration for the installation of the original pipeline and consideration for additional pipeline or pipelines in the same right-of-way.[Footnote 1]

On December 27, 2012 the Fosters conveyed their land to [Dickson], by deed which contained the following language:

> Granting however to Grantee **all surface rights** and payments for surface use and damages, **RESERVING** however to the grantor one-half (1/2) of all future payments for the placement of right of ways and/or pipelines across all the above six (6) parcels.[Footnote 2]

Immediately after recording their deed to [Dickson], the Fosters recorded an Assignment, by which they assigned to [Foster] "all our **one-half** (1/2), undivided interest, right, title and interest [sic] in and to **future payments for the placement of right of ways and/or pipelines** across, through and under property situated in **Buffalo and Hopewell Townships** . . . as reserved by RICHARD C. FOSTER and ERMALEE FOSTER . . . as the Grantors in the deed to [Dickson], dated December 27, 2012. . ."

In 2013, MarkWest installed the initial pipeline across the Dickson property and paid to the elder Fosters the consideration for the pipeline specified in the Confidential Addendum. In 2015, MarkWest installed in the same right of way a second pipeline,

and paid to [Dickson] one-half the consideration specified in the Confidential Addendum. MarkWest withheld and still holds the remaining half of the consideration, while it waits for an agreement of the parties or direction from this court as to distribution.

_____

[Footnote 1]: This Addendum is so confidential that it was not attached to the complaint, in spite of Pa.R.C.P. 1019(i). [Dickson] has not objected to this omission and there seems to be no dispute as to the relevant language in the Addendum.

[Footnote 2]: On March 4, 2013, the Fosters delivered a corrective deed to [Dickson] because the earlier deed accidentally omitted a parcel. This deed has exactly the same reservation quoted above except that it refers to "all the above seven (7) parcels."

Trial court opinion, 9/12/16 at 1-2.

On December 21, 2015, Foster filed a complaint for declaratory judgment. In the complaint, Foster asserted that MarkWest Liberty Midstream & Resources, LLC ("MarkWest"), paid Dickson for 50 percent of the proceeds received for the placement of the second pipeline across Dickson's property but retained the other 50 percent pending resolution of the issue as to who was entitled to the funds: Foster or Dickson. Foster claimed that he was entitled to the funds as they represented 50 percent payment for the second pipeline constructed and installed inside the right-of-way by MarkWest based on the 2012 Right of Way agreement, the assignment to Foster, and the Confidential Addendum.

On the other hand, Dickson claimed that she was entitled to the remaining proceeds based on the December 27, 2012 deed and the March 4, 2013 corrective deed which provide that Dickson was entitled to payments for "surface use and damages." (**See** Deed, 12/27/12 at 6.)

Foster clarified the dispute, stating,

> 18.    Put simply, if the remaining MarkWest monies represent payment for "surface use and damages," then [Dickson] prevails.

Complaint for declaratory judgment, 12/21/15 at 5, ¶ 18. Foster sought a declaration that he was entitled to the money held by MarkWest as the money represented payment for placement of right-of-ways and/or pipelines on the properties.

On February 5, 2016, Dickson filed an answer, new matter, and counterclaim, and alleged that she was entitled to the remaining monies held by MarkWest. On March 14, 2016, Foster replied and denied the allegations. On May 20, 2016, Foster moved for judgment on the pleadings. On June 28, 2016, Dickson moved for judgment on the pleadings. Each sought the money held by MarkWest.

By order dated September 12, 2016, the trial court granted Foster's motion for judgment on the pleadings and denied Dickson's motion for judgment on the pleadings. The trial court further ordered that 50 percent of the proceeds for the second pipeline and any additional pipeline be paid to Foster. The trial court reasoned:

Obviously in construing the meaning of a document the court attempts to ascertain the intent of the parties. Here, the parents conveyed an easement or right of way to MarkWest. The consideration for the conveyance was set forth in the Confidential Addendum where is [sic] was described as $35 per foot "in lieu of any and all damages resulting from the construction of the aforesaid pipeline," and $35 per foot for each additional pipeline. This in [sic] the only consideration recited, other than the "Ten Dollars ($10.00) in hand paid" set forth in the recorded right of way agreement. In other words, [Dickson] argues that all of the money paid by Mark West is for damages except for the $10, and if so, it follows that the elder Fosters intended for their son to get nothing. Instead, we believe the much more logical reading of these instruments instructs us to award the withheld one-half to [Foster]. If all of the money paid by MarkWest was damages to the surface, why even reserve anything in the grant to [Dickson] and why assign that reservation to [Foster]? It is possible that MarkWest, or even some other pipeline company, could inflict damages to the surface such as by negligently departing from the agreed upon easement. Such issues might support a claim for damages by [Dickson] which would be of no concern to [Foster].

The reservation provides that the Grantor (the elder Fosters)[] or their assigns shall receive one-half "of all future payments for the placement of . . . pipeline across all of the above . . . parcels." Our understanding is that Mark West placed another pipeline across these lands and paid for that placement. One-half of that amount should go to [Foster].

*Id.* at 3-4.

Dickson appealed to this court. On October 14, 2016, the trial court ordered Dickson to file a statement of errors complained of on appeal,

pursuant to Pa.R.A.P. 1925(b). On December 6, 2016, the trial court issued an order that the "statement of issues" was adequately addressed in its memorandum opinion dated September 12, 2016.

Before this court, Dickson contends that the trial court erred when it granted Foster's motion for judgment on the pleadings.

> Entry of judgment on the pleadings is permitted under Pennsylvania Rule of Civil Procedure 1034, which provides that "after the pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for judgment on the pleadings." Pa.R.C.P. 1034(a). A motion for judgment on the pleadings is similar to a demurrer. It may be entered when there are no disputed issues of fact and the moving party is entitled to judgment as a matter of law.
>
> Appellate review of an order granting a motion for judgment on the pleadings is plenary. The appellate court will apply the same standard employed by the trial court. A trial court must confine its consideration to the pleadings and relevant documents. The court must accept as true all well pleaded statements of fact, admissions, and any documents properly attached to the pleadings presented by the party against whom the motion is filed, considering only those facts which were specifically admitted.
>
> We will affirm the grant of such a motion only when the moving party's right to succeed is certain and the case is so free from doubt that the trial would clearly be a fruitless exercise.

***Coleman v. Duane Morris, LLP***, 58 A.3d 833, 836 (Pa.Super. 2012) (citations omitted).

Dickson argues that the trial court misconstrued the 2012 deed and that she owns a 50 percent interest in the payment for the placement of pipelines and 100 percent of the surface rights and payments for surface use and damages. Dickson asserts that either she has already been paid for her 100 percent interest in the payment for surface use of damages and she is owed for her 50 percent interest in the payment for the placement of the pipeline or she has been paid for her 50 percent interest in the placement of the pipeline and is owed for her 100 percent interest in the payment for surface use and damages. Before the trial court, Dickson argued that the escrowed monies represented payment for surface use and damages. She believes that under the Confidential Addendum,[1] the $35 per foot that MarkWest is paying for the construction of a second pipeline goes completely for surface use and damages to the property which is used as a farm.

In contrast, Foster argues that, under the 2012 deed, the Fosters unambiguously conveyed the properties to Dickson, including all surface rights and payments for surface use and damages. In the same deed, the Fosters reserved one-half of their right, title, and interest in and to future

---

[1] Although both parties referred to the Confidential Addendum before the trial court and Foster attaches it to his brief, the Confidential Addendum was not attached to any pleading and was not part of the record before the trial court. While this court can consider the references to the Confidential Addendum contained in the record, it cannot review the Confidential Addendum itself. "It is black letter law in this jurisdiction that an appellate court cannot consider anything which is not a part of the record in the case." **Smith v. Smith**, 637 A.2d 622, 623 (Pa.Super. 1993).

payments for the placement of rights-of-way and/or pipelines across, through, and under the properties owned by Dickson. The Fosters then assigned this interest to Foster. Foster concludes that under the plain meaning of the deed and assignment, Dickson and Foster would each receive 50 percent of the monies paid, as each is entitled to a 50 percent interest in payments made for the placement of pipelines. In other words, Foster reaches the same conclusion as the trial court.

As this court stated in **Dieter v. Fidelcor, Inc.,** 657 A.2d 27 (Pa.Super. 1995), when interpreting a contract, "a court must be guided by the paramount goal of contract interpretation: 'to ascertain and give effect to the parties' intent.'" **Id.** at at 29 (citation omitted). That intent must be ascertained from the language of the written agreement. **Id.** "'In the absence of technical terminology, we give the words used in the agreement their plain and ordinary meaning.'" **Id.** (citation omitted).

Additionally, we note that "[w]hen determining whether a contract is ambiguous, a court must view the contract as a whole and not its discrete units. **Halpin v. LaSalle Univ.**, 639 A.2d 37, 39 (Pa.Super. 1994), **allocatur denied**, 668 A.2d 1133 (Pa. 1995). Clauses seemingly in conflict should be construed, if possible, as consistent with one another. **Flatley by Flatley v. Penman**, 632 A.2d 1342, 1344 (Pa.Super. 1993), **allocatur denied**, 641 A.2d 586 (Pa. 1994).

This court agrees with the trial court's interpretation of the deed. The deed explicitly states that the Fosters reserved 50 percent of the amount received for the placement of pipelines on or across the parcels in the future. The assignment then granted the Fosters' interest to Foster. In 2015, MarkWest built another pipeline. By the plain meaning of the language in the deed, the Fosters and Dickson were to split equally the payment from MarkWest for construction of a new pipeline. By the clear language in the assignment, any interest that would go to the Fosters would now go to Foster. As a result, Foster was entitled to 50 percent of the total amount as the trial court determined. Further, as the trial court stated, if Dickson had a claim for some sort of damage to her property, she could make that claim against MarkWest or a subsequent entity that placed another pipeline on her property. The trial court did not err.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/28/2017