J-A26003-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN RE: ESTATE OF RONALD HUTCHINSON, DECEASED | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: NATALIE TANNASSO AND FRANCIS J. PETERS | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 577 EDA 2023 |

Appeal from the Decree Entered January 17, 2023
In the Court of Common Pleas of Philadelphia County Orphans' Court at
No(s):  1151 DE 2022

BEFORE:  DUBOW, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY DUBOW, J.:                    **FILED APRIL 12, 2024**

Appellants Natalie Tannasso and Francis J. Peters appeal from the January 17, 2023 decree entered by the Philadelphia County Orphans' Court. The orphans' court overruled Appellants' objections to the proposed distribution of their father's residuary estate.  After careful review, we affirm the orphans' court's decree.

The relevant factual and procedural history is as follows.  Ronald Hutchinson ("Decedent") had three children: Appellants and Ted Peters.  On September 9, 2020, Decedent executed his Last Will and Testament ("Will"), utilizing a four-page, pre-printed form, which included spaces for the testator to personalize the document and indicate his intent.

On the first page, Decedent handwrote his name and address in the relevant fields.  He next initialed the provision indicating that he was "not married at the time of making this Will."  Will, 9/9/20, at 1.

Central to the issues before this Court, Decedent completed Section 3, addressing his residuary estate, as follows:

> **3. Residue.** Depending on my circumstances existing at the time of my death, I desire the following:
> A. I give, devise, and bequeath all the rest, residue, and remainder of my estate, of whatever kind and wherever located, that I own at my death to my Spouse or Partner, as the case may be, if he or she survives me;
> B. If I have no beneficiary under subsection 3(A) above, and I had Children during my lifetime, then I leave my residuary estate, in equal shares, to my Children, per stirpes;
> C. If I have no beneficiary under either subsection 3(A) or 3(B) above, then I leave my residuary estate to the beneficiary(ies) I name below:

***Id.*** It is undisputed that "teddy Ray" is a reference to Decedent's son, Ted Peters.

On the second page of the document, Decedent named "Teddy Peters" as executor. ***Id.*** at 2. He did not make any changes to the form language on the third page. On the fourth and final page, he initialed the provision directing that his "remains be cremated and his ashes disposed of according to the wishes of my Executor." ***Id.*** at 4. Finally, he completed the signature line to indicate the date and place of signature and signed the Will. He additionally initialed each page in the space provided. Decedent did not place any other markings on the document.

Decedent died on September 25, 2020. On August 17, 2021, the Register of Wills granted Ted Peters letters testamentary. On October 3, 2022, Ted Peters, as Executor, filed a First and Final Account and a Petition for Adjudication/Statement of Proposed Distribution. The Account indicated that over $450,000 of non-probate assets had been distributed to named

beneficiaries, including Decedent's children and grandchildren and that the residuary estate totaled approximately $311,000. The Account proposed distribution of the entire residuary estate, after payment of liabilities, to Ted Peters.

On November 7, 2022, Appellants objected to the proposed distribution. They argued that the residuary estate should be divided in equal shares between Decedent's children based upon Section 3(B) of the Will.

After hearing argument on January 4, 2023, the orphans' court concluded on January 17, 2023, that Decedent's handwriting in Section 3 clearly expressed his intent to give his entire residuary estate to his son and Executor, Teddy Ray. Accordingly, the court entered a decree overruling the objections and ordering the distribution of the Estate as set forth in the Petition for Adjudication/Statement of Proposed Distribution.

On February 3, 2023, Appellants filed a notice of appeal to this Court. Appellants and the orphans' court complied with Pa.R.A.P. 1925.

Before this Court, Appellants raise the following issues:

A. Whether the court below abused its discretion in the factual finding of the testator's intent in preparing and executing the will. *Murphy v.[] Karnek*, 160 A.3d 850, 861 (Pa. Super. 2017).

B. Whether the court below erred as a matter of law and/or abused its discretion when it failed to read all the clauses within the Last Will and Testament of Ronald E. Hutchinson as a whole, *Flatley by Flatley v. Penman*, [632 A.2d 1342 (Pa. Super. 1993)], and ignored a clear preceding condition precedent clause while simultaneously accepting a condition precedent clause in the Will provision it accepted as the testator's intent?

C. Whether the court below erred as a matter of law and/or abused its discretion when it concluded that [§ 3(C)] only has legal meaning if no children were alive to take under [§ 3(B)] and "viewed in a vacuum" the handwritten words. ***Murphy v. [] Karnek***, 160 A.3d 850, 861 (Pa. Super. 2017).

D. Whether the court below erred as a matter of law and/or abused its discretion when it failed to consider the technical rules of construction when the Honorable Court determined that the Last Will and Testament contained conflicting terms. ***[In re Estate of Houston]***, 201 A.2d [592, 595 (Pa. 1964)].

E. Whether the court below erred as a matter of law and/or abused its discretion when it concluded that merely writing in the space provided in [§ 3(C)] of the Last Will and Testament negatives not only the typed portions of the will elsewhere that but also the typed words contained within [§ 3(C)] itself of the Last Will and Testament.

Appellants' Br. at 2-4 (suggested answers omitted).

## A.

Appellate review of an orphans' court decision in a will contest is "limited to determining whether the [orphans'] court's findings of fact were based upon legally competent and sufficient evidence and whether there is an error of law or abuse of discretion." ***In re Estate of Schumacher***, 133 A.3d 45, 49-50 (Pa. Super. 2016) (citation omitted). "Only where it appears from a review of the record that there is no evidence to support the court's findings or that there is a capricious disbelief of evidence may the court's findings be set aside." ***Id.*** (citation omitted)

It is well-established that "[t]he testator's intent is the polestar in the construction of every will and that intent, if it is not unlawful, must prevail." ***In re Estate of Cassidy***, 296 A.3d 1219, 1223 (Pa. Super. 2023) (citation omitted). In interpreting a will, courts should "focus on the precise wording

- 4 -

of the will and view the words of the will in the context of the overall testamentary plan." ***Id.*** (citation omitted)

Courts will only resort to the "technical rules or canons of construction" when "the language of the will is ambiguous or conflicting or the testator's intent is for any reason uncertain[.]" ***In re Houston's Estate***, 201 A.2d at 595. One such rule provides that "[w]here written and printed clauses of an instrument are repugnant to each other the printed form must yield to the written clauses, as the latter are presumed to be the deliberate expression of the real intent of the parties[.]" ***Onofrey v. Wolliver***, 40 A.2d 35, 38 (Pa. 1944); ***see also Flatley***, 632 A.2d at 1345.

## B.

While Appellants raise five questions, we find their issues revolve around the central argument that the residuary estate should be divided in equal shares between the three children pursuant to Section 3(B) of the Will. Appellants' Br. at 6-36. They contend that the handwritten provision, designating the residuary to Teddy Ray, applies only if Section 3(C) is triggered. As Section 3(C) applies when there are no beneficiaries under Section 3(A) or (B), Appellants assert that Section 3(C) does not apply to the instant case because Decedent had children for purposes of Section 3(B).[1] ***Id.*** at 14-16, 34-35.

_____

[1] Appellants maintain that the handwritten language would have applied if Appellants, but not Teddy Ray, had predeceased Decedent. Appellants' Br. at
*(Footnote Continued Next Page)*

As did the trial court, we reject Appellants' analysis because it fails to abide by Decedent's unambiguous expression of his intent to distribute his residuary estate to "[his] son teddy Ray only No one else."  Will at 1. Based upon the unambiguous handwritten language in Section 3 of Decedent's Will, we affirm the orphans' court's well-reasoned conclusion that "Decedent plainly stated his intent" to leave his residuary estate to Teddy Ray.  Trial Ct. Op. at 8.

Decree affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date:  4/12/2024

---

23-24, 27-30.  They posit that the language was Decedent's attempt to avoid distribution of the residuary to his grandchildren.  **Id.**  Like the orphan's court, we find this theory "untenable," because Section 3(C) applies where there are no beneficiaries under Section 3(A) or 3(B), which would include Teddy Ray.  Trial Ct. Op. at 9.  Thus, the distribution to "Teddy Ray only" could not occur if Teddy Ray predeceased Decedent.